WILLIAM S. HOLMES *vs.* WILLIAM BELL, JR. & another.

Where personal property was mortgaged to secure the payment of a promissory note in six months, and was immediately delivered to the mortgagee, by whom it was sold and the proceeds appropriated on the expiration of sixty days after a breach of the condition ; it was held, that the mortgagor could not maintain trover therefor against the mortgagee, by proving that the note was given to indemnify the latter against a liability incurred by him for the mortgagor, which had terminated without any loss or damage to the mortgagee, and that the property had been demanded of him before the commencement of the action.

THIS was an action of trover, for certain carriages and harnesses described in the writ.

It appeared, on the trial, which was before *Merrick, J.,* in the court of common pleas, that, on the 13th of December, 1838, the plaintiff, by his deed of that date, mortgaged the property in question to the defendants, to secure the payment of his note to them for $540, bearing the same date, and payable to the defendants or their order in six months from date ; that immediately after the making of the mortgage, the defendants, by virtue thereof, and upon delivery from the plaintiff, took possession of the property mortgaged, and continued in possession thereof; that the note secured by the mortgage was not paid at the maturity thereof, and had not since been paid ; that, after the expiration of more than sixty days from the time when the note became due and payable, the defendants, acting under the mortgage, made sale of the property therein mentioned, and converted the same into money.

The plaintiff introduced evidence (the defendants object-

ing) to prove, that the plaintiff having been sued and his property attached, the defendants receipted for the property to Cooledge, the officer ; that the note and mortgage were given by the plaintiff to the defendants, to indemnify them against their liability as receiptors for the plaintiff; that the writ, on which the attachment was made, had been fully settled by the plaintiff; and that the defendants had not, in fact, been subjected to any loss, cost, or expense, by reason of their liability as receiptors, but had been wholly discharged therefrom.

The plaintiff also proved, that in May, 1847, before the commencement of this action, a written demand was made by him on each of the defendants, who severally replied that they had not got the property, and should do nothing about it. Other evidence was introduced, which it is not material to state.

The judge ruled, among other things, that if the mortgage was given as contended for by the plaintiff, he could not maintain an action of trover for the property therein mentioned, inasmuch as the sale thereof was not wrongful and tortious, because the defendants were then under a liability for the plaintiff on their receipt, and the action against the plaintiff, on which the attachment was made, was still pending, and the defendants had a right, by virtue of the mortgage, and for a breach of the condition thereof, to make sale of the property therein embraced.

A verdict was returned for the defendants, and the plaintiff alleged exceptions.

*W. Richardson,* for the plaintiff.

*W. Whiting,* for the defendants.

WILDE, J. It appears to the court very clear, that this action, in its present form, cannot be maintained. To maintain trover, the plaintiff must have a legal title to the property alleged to have been converted. It is not sufficient to show an equitable title, or that the defendant had converted property which he was bound to convey to the plaintiff    In

the present case, the carriages and harnesses sued for were the property of the defendants, having been conveyed to them by the plaintiff, to secure the payment of a note of hand from him to them. Now, admitting that the defendants have never been damnified, and that the mortgage has never been foreclosed as alleged by the defendants, still they had the legal title to the property, which is a decisive defence to the action in its present form. If those carriages and harnesses had been pledged, the action might have been maintained, if the defendants had never been damnified ; for in that case they would have no right to sell the property, and such sale would have been wrongful, and would have been a conversion, for which trover would lie, the pledgees' special property having been terminated by their wrongful act, and the general property always having remained in the plaintiff. But the law is otherwise in the case of a mortgage. By such a conveyance the whole legal title passes to the mortgagee conditionally; and in the present case the condition had not been performed at the time of the sale ; and at that time the legal title to the property was in the defendants, and the plaintiff had no right to the possession. By the sale the legal title was vested in the purchaser, and the subsequent demand on the defendants is of no avail.

The only remedy the plaintiff has for the loss of his property, if he has any, is probably by an action of assumpsit for the balance of the proceeds of the sale, after deducting the defendants' expenses ; as to this, however, we give no opinion.

But he may have liberty to amend his declaration, by changing the form of action, on payment of the defendants' costs.

*Exceptions overruled, and leave to amend granted*