## BROADHEAD *v.* McKAY.

CHATTEL MORTGAGE.—*Possession of Mortgaged Property.*—The principle of the common law prevails, unchanged by the statutes of this State, that where a mortgage of personal property is silent as to possession, the mortgagee is entitled to immediate possession upon the execution of the mortgage.

SAME.—*Statute.*—The provision of the statute (2 G. & H. 355, sec. 1,) that " unless a mortgage specially provides that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same," applies to mortgages of real estate, and not of personal property.

SAME.—*Sale of Mortagor's Interest on Execution.*—Sec. 436, 2 G. & H. 240, which provides that the interest of the mortgagor of goods may be sold on execution, does not give the purchaser the right of possession, except upon his compliance with the conditions of the mortgage.

SAME.—*Foreclosure.*—Though an action to foreclose a chattel mortgage will lie to enforce the lien and extinguish the equity of redemption of the mortgagor, yet the mortgagee may take possession and sell without foreclosing.

From the Posey Circuit Court.

*W. Harrow* and *W. M. Hoggatt,* for appellant.

*E. M. Spencer, W. Loudon,* and *J. Pitcher,* for appellee.

WORDEN, C. J.—This was an action of replevin for some horses and a wagon, brought by the appellant against the appellee. Issue, trial by the court, finding and judgment for the defendant.

The only question in the cause arises upon the evidence. The facts in the case are briefly these: The defendant mortgaged the property in question to the plaintiff to secure the payment of a debt which the defendant owed to the plaintiff, but which had not become due at the commencement of the

action. The mortgage is silent as to the possession of the property. The question presented is, whether the plaintiff was, under the circumstances, entitled to the possession of the property.

In *Case* v. *Winship*, 4 Blackf. 425, it was held that the mortgagee of goods (the mortgage being silent on the subject) was entitled to their immediate possession. Such is doubtless still the law, unless it has been changed by statute.

In the case of *Blakemore* v. *Taber's Ex'r*, 22 Ind. 466–70, it was said that " as our statute places chattel mortgages on the footing of mortgages upon real estate, in this, that it recognizes the legal title, the equity of redemption, as remaining in the mortgagor, and the mortgagee as having but a lien, it follows that a foreclosure is the proper mode of procedure to enforce the lien, and extinguish the equity of redemption."

The point there under consideration was, whether an action or bill would lie to foreclose a chattel mortgage, and not whether the title to the mortgaged chattel passes conditionally to the mortgagee. Conceding, under many decisions of this court, that an action will lie to foreclose such mortgage, it does not follow that the mortgagee has no other remedy.

Story says, speaking of chattel mortgages, that " there is no necessity to bring a bill of foreclosure; but the mortgagee, upon due notice, may sell the personal property mortgaged, as he could under the civil law; and the title, if the sale be *bona fide* made, will vest absolutely in the vendee." 2 Story Eq., sec. 1031.

" By a grant or conveyance of goods in gage or mortgage, the whole legal title passes conditionally to the mortgagee ; and if the goods are not redeemed at the time stipulated, the title becomes absolute at law, although equity will interfere to compel a redemption." Story Bail., sec. 287.

If, where the mortgage is silent as to the possession of mortgaged goods, the mortgagee is not at once entitled to the possession of the goods, it is difficult to see how he becomes entitled to possession after breach of the condition; and if

not then entitled to possession, it would seem to be impossible for him to make a sale of them according to the common law. We have, therefore, been led to inquire whether we have any statute which makes such change in the common law. The only statute referred to in the case of *Blakemore* v. *Taber's Ex'r, supra,* is 2 G. & H. 240, sec. 436. This section provides for the sale of the interest of the mortgagor in the goods mortgaged, on execution against him, and that the purchaser shall be entitled to the possession upon complying with the conditions of the mortgage. This section does not, in our opinion, effect the supposed change in the law. It does not give the purchaser the right to possession except upon his compliance with the conditions of the mortgage. The mortgagor, where there is no such sale, would have the same right upon the same terms. See, as to construction of this section, the cases of *Heimberger* v. *Boyd,* 18 Ind. 420, and *Coe* v. *McBrown,* 22 Ind. 252.

The only other statutory provision to which our attention has been called, and we are aware of no other that seems to have any bearing upon the question, is the following :

" Unless a mortgage specially provide, that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same." 2 G. & H. 355, sec. 1. This provision, we think, clearly has reference to mortgages of real estate, and not of personal property. The term " mortgaged premises" is never used, so far as we are aware, either in common or legal parlance, with reference to purely personal property. Legislators, courts, lawyers, and people speak of mortgaged premises when they have reference to real estate mortgaged, but we have never heard the term applied to personal property mortgaged. " Mortgaged property" is the term usually applied to personalty. We feel clear, therefore, that it was not the intention of the legislature, by the section quoted, to provide that the mortgagee of goods should not have the possession of them unless the mortgage should specially provide for such possession.

The third section of the same act provides, in substance, that no mortgage of real estate shall authorize the mortgagee to sell the mortgaged premises, but that every such sale shall be made under a judicial proceeding; leaving the inference that personal property may be sold by the mortgagee without any such proceeding. Such sale could not well be made, and perhaps not at all (as we suppose it must be made at public auction, after due notice), unless the mortgagee has possession.

We conclude, therefore, that the law as it formerly stood, in this respect, has not been changed by legislation; and that the mortgagee of personalty, the mortgage being silent as to possession, is immediately upon the execution of the mortgage entitled to the possession of the mortgaged property. It follows that the motion made by the plaintiff for a new trial, because the finding was contrary to the evidence, should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for a new trial.