No. 8341.

### JOHNSON ET AL. *v.* SIMPSON.

CHATTEL MORTGAGE.—*Complaint to Recover Possession of Property.*— In an action to recover possession of personal property claimed through a chattel mortgage, a complaint is not sufficient which merely avers that the plaintiff has a chattel mortgage upon the property, as such term does not import an instrument that contains no stipulations authorizing the mortgagor to retain the possession of the property until default is made in the payment of the debt.

Johnson *et al.* *v.* Simpson.

SAME.—*Pleading.*—*Title.*—A mortgage is the mere evidence of the plaintiff's title, and it is not sufficient to aver the evidence of the title, but the title itself must be averred by distinct and traversable averments.

From the Warren Circuit Court.

*J. M. Rabb* and *J. McCabe*, for appellants.
*W. P. Rhodes* and *M. Milford,* for appellee.

BEST, C.—The appellee made various notes, and a mortgage upon certain personal property to secure their payment, to one Jonas Baum, who assigned some of the notes and the mortgage to the appellant William M. Johnson. The latter claimed the possession of the property by virtue of the mortgage, and brought this action for its recovery. Afterwards, the other appellants, who were the holders of the residue of the notes, were admitted as co-plaintiffs and all united in an amended complaint. In this complaint it was substantially averred, that the appellee, on the 6th day of June, 1878, executed twenty-six promissory notes to Jonas Baum, six for $75 each, payable 1, 2, 3, 4, 5 and 6 months from date, nineteen for $100 each, payable 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25 months from date, and one for $250, payable 26 months from date; that to secure their payment he, at the same time, made a mortgage upon the personal property described in the complaint, which mortgage was duly recorded in the county where the mortgagor resided, within ten days after its execution; that afterwards said Baum assigned to said Johnson the mortgage and six of the notes secured thereby, which notes fall due 4, 5, 6, 7, 8 and 9 months from date; that the said Baum assigned the residue of the notes to the other plaintiffs, and he is made a defendant to answer as to his interest. It is then averred "that prior to the bringing of this action he demanded of the defendant the possession of said property, which was refused him. Plaintiffs aver that by reason of the foregoing facts they are en-

titled to the possession of said property as against said defendant.'' Prayer for the possession of the property.

A demurrer, for want of facts, was overruled to this complaint and an exception reserved by the appellee.

Issues were formed, submitted to a jury for trial and a verdict returned for the appellee. Over a motion for a new trial, judgment was rendered upon the verdict. From this judgment the appellants appeal and assign as error the order of the court in overruling their motion for a new trial.

The appellee assigns a cross error, alleging that the court erred in overruling his demurrer to the complaint.

This will be first considered, for, if well assigned, the judgment must be affirmed, though errors may have occurred against appellants during the trial.

The appellee insists that the mortgage is the foundation of the action, and as neither the original nor a copy of it was filed with the complaint, it was bad on demurrer. This precise question was decided the other way in *Smith & Co.* v. *McLean*, 24 Iowa, 322, and rightly so decided, we think. The mortgage is not the cause of action, but is merely the evidence of appellants' title. It may confer the right to the possession, but the unlawful detention is the ground of the action. Unless the detention was unlawful, there was no cause of action, and the detention could not be unlawful unless the appellants were entitled to the possession. If both facts existed the action may be maintained.

Section 128 of the code provides, that, ''When any personal goods are wrongfully taken or unlawfully detained from the owner or person claiming the possession thereof, * * * the owner or claimant may bring an action for the possession thereof.''

The appellants did not own the goods, nor were they wrongfully taken from them; but they claimed that they were unlawfully detained from them. The only facts averred to show their unlawful detention were the facts, that

Johnson *et al. v.* Simpson.

the goods had been mortgaged to secure the payment of certain notes which had been assigned to the appellants, and that the appellee, upon demand, had refused to deliver the goods to them. If, by the terms of the mortgage, appellants were entitled to the goods, the refusal of the appellee to surrender them rendered his possession unlawful. Were they entitled to them under the mortgage? It is not set out, nor is it averred, either that the mortgage was silent as to possession, or that the mortgagor was not entitled to retain possession under the mortgage. Nothing is averred as to its terms, and unless we can say, in the absence of averments to the contrary, that, by the law, every mortgagee of personal property is entitled to its immediate possession, nothing is averred showing that appellants are entitled to the possession. It is settled in this State, that "The mortgagee of personalty, the mortgage being silent as to possession, is immediately upon the execution of the mortgage entitled to the possession of the mortgaged property." *Broadhead* v. *McKay*, 46 Ind. 595.

It is equally well settled, that, if the mortgage contain an express or implied stipulation, that the mortgagor retain possession, he has the right to do so, until default is made in the condition of the mortgage. Jones Chattel Mort., sec. 426.

It is not averred that the notes maturing before the commencement of the suit remained unpaid, and it is not averred whether the mortgage declared upon did or did not contain any stipulation as to the possession, but it is merely averred that "Tompkins executed to Baum a mortgage upon the following goods and chattels," and the question is, does the term "chattel mortgage" import an instrument without any stipulation as to the possession of the property mortgaged?

In *Watson* v. *Williams*, 4 Blackf. 26, it is said: "A mortgage is not an absolute sale; it is conditional, and only becomes absolute upon default being made; and it is

usual for the mortgagor to retain possession until default. Anciently it was usual to insert a clause in the mortgage, that the mortgagor should retain possession until default.''

It is said in Herman on Chattel Mortgages, sec. 95, that, ''In case of mortgages, the possession of the mortgagor is not inconsistent with the terms of the contract and the nature of the transaction ; * * * and nothing is more common than to permit the mortgagor to retain possession. Stipulations to this effect are constantly inserted in mortgages,'' where it is not intended that the mortgagee shall have possession until default is made in some condition of the mortgage. Formerly, in order to render a chattel mortgage valid, as against creditors, it was necessary for the mortgagee to take and retain possession of the mortgaged property. This mode was inconvenient, and to avoid it laws were enacted authorizing such mortgages to be recorded, and such record is regarded as a substitute for the change of possession. Under them, a debtor may execute a valid mortgage upon his personal property as against his creditors, and at the same time retain possession of the property, provided the mortgage is recorded according to law. Such a statute has been in force in this State for many years, and under it stipulations, that the mortgagor may retain possession for a given time after the execution of the mortgage, are frequently, if not generally, inserted in such mortgages. These instruments may or may not contain such stipulations. Whether they do or do not, they are alike chattel mortgages, and, therefore, we can not say that the term ''chattel mortgage'' means an instrument containing no such stipulation. However this may be, the mortgage is merely the evidence of the appellant's title, and it is not sufficient to aver the evidence of title, but the title itself must be averred by direct and traversable averments. Wells on Replevin, sec. 676 ; *Wilson* v. *Fuller*, 9 Kan. 176 ; *Bond* v. *Mitchell*, 3 Barb. 304 ; *Vandenburgh* v. *Van Valkenburgh*, 8 Barb. 217. This is

the rule, and, in the absence of a general averment, that the appellants' were entitled to the possession of the property, the complaint was insufficient, and the appellee's demurrer should have been sustained.

The averment, that, "by reason of the foregoing facts, they were entitled to the possession," added nothing to the pleading, for it was a mere conclusion from the facts stated, and not the statement of a fact itself. The demurrer was improperly overruled, but, as a correct result was reached, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the appellants' costs.