Lee *v.* Fox *et al.*

No. 13,060.

## LEE *v.* FOX ET AL.

CHATTEL MORTGAGE.—*Legal Title to Property Vested in Mortgagee.—Possession.—Prima Facie Right to.*—A chattel mortgage is a conditional sale, which vests the legal title, and, *prima facie*, the right of possession, to the things mortgaged in the mortgagee.

SAME.—*Equity of Redemption.—Tender of Performance.—Permission to Redeem.—Irregular Conversion of Property.*—Unless the right to redeem has been waived, the mortgagor may assert this right at any time after forfeiture, and before the foreclosure of his equity of redemption, by paying or tendering the debt and interest; or, having tendered performance of the conditions of the mortgage, he may apply to a court of equity for permission to redeem; or if the property has been converted or disposed of in an irregular way, without his consent, the mortgagee may be compelled to account for its value, less the amount of his debt and interest.

SAME.— *Foreclosure of Equity of Redemption.— Methods of.—Sale.—Notice.*— Whether the mortgage contains a power of sale or not, the mortgagor's equity of redemption may be foreclosed by a judicial proceeding, or by taking possession of the mortgaged property and selling it at public auction, in pursuance of legal notice to the mortgagor.

SAME.— *Deficiency After Sale of Property.— Action for Balance.*—Where, on condition broken, the mortgagee makes a fair sale of the property, in pursuance of a power, and the sale does not produce a sum sufficient to pay the debt, an action lies for the balance.

SAME. – *Effect of Irregular Sale.—Debt Not Necessarily Extinguished.—Election by Mortgagor to Avoid Sale.*—The effect of a foreclosure and sale of mortgaged personalty under a power is not necessarily an extinguishment of the debt, even though the sale be irregular and voidable, unless the value of the property sold was sufficient for that purpose, and unless the mortgagor seasonably elects to avoid the sale.

SAME.—*Mortgagee Not Trustee Except as to Surplus.—May Become Purchaser at Sale.*—A mortgagee of personal property does not hold the legal title to the mortgaged property in trust for the mortgagor, but in his own right. He is in no sense a trustee, except as to the surplus which may remain after paying the mortgage debt, and is not within the rule prohibiting a trustee from purchasing at his own sale, provided he acts fairly.

SAME.— *When Sale May be Set Aside.—Colorable Sale.—Conversion of Property. Liability of Mortgagee.*—Where a mortgagee of personal property becomes the purchaser at his own sale, made under a power, and it appears that the price paid was grossly inadequate, or that the property was sacrificed, the sale should be set aside at the election of the mortgagor; and if the

Lee *v.* Fox *et al.*

mortgagee converts the property after a merely colorable sale, or denies the mortgagor's right to redeem, he should be held to account for its fair value at the time of its appropriation.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts*, for appellant.

*W. Neal* and *J. F. Neal*, for appellees.

MITCHELL, C. J.—Stephen Lee commenced this suit against William R. Fox and Eliza E. Fox, wife of William R., to foreclose a mortgage executed by the latter, whereby certain real estate owned by the husband was conveyed to Lee to indemnify him against loss for having become bound as surety upon certain notes signed by Fox as principal.

It is charged in the complaint that the defendant Wm. R. Fox failed to pay the notes so executed at maturity, and that in consequence of his default the plaintiff had sustained loss and damage in the sum of one thousand dollars, which remained due and unpaid.

Fox answered, in substance, that, contemporaneously with the execution of the mortgage in suit, he executed a certain chattel mortgage, whereby he transferred to the plaintiff one-half interest in two portable steam-engines and two threshing-machines, which latter mortgage, he alleged, was executed as a security, and to indemnify the plaintiff against loss for signing the identical notes mentioned in the complaint and in the mortgage therein described. A copy of the chattel mortgage so alleged to have been executed is set out as an exhibit with the answer. One of the stipulations written in the mortgage was to the effect, that, upon default of the mortgagor in performing any of the conditions of the mortgage, the mortgagee was expressly authorized to take possession of the mortgaged property, and, upon giving ten days written notice thereof, to sell the same at public auction, the mortgagee being authorized to retain from the proceeds of the sale any amount due him on account of his having become surety as above, rendering the surplus to the mortgagor.

The answer admits that the defendant had made default in the payment of the notes upon which the plaintiff had become bound as surety, but it alleges that the plaintiff had taken possession of and sold one of the engines and threshers mentioned in the mortgage, the plaintiff having himself become the purchaser, at the price of ten dollars, such sale having been made in pursuance of a ten days notice, and under pretense of the authority contained in the mortgage. It is alleged further that the plaintiff retains possession of the property so purchased, and claims to be the owner thereof by virtue of the sale so made. The court held this to be a sufficient answer.

The claim of the mortgagor is, that the sale of a part of the mortgaged property, and the purchase by the mortgagee at a sale made by himself of the property so sold, without the aid of a court of chancery, waived any right which he may have theretofore had to look to the mortgagor, or to any other securities, for any deficiency. It is said that the effect of the sale was to satisfy the debt.

The recent case of *Landon* v. *White*, 101 Ind. 249, is relied on as sustaining the above proposition. A conspicuous and important difference between the mortgage considered in the case cited and that involved in the present case is, that in the former the mortgage contained no power of sale, while that involved in the present case expressly empowers the mortgagee, upon any default, to sell the property after giving ten days notice, and to apply the proceeds of the sale to the liquidation of the mortgage debt.

While expressly declining to pass upon the merits of the question, the court said, in substance, in the case relied on, that it would seem to be the law applicable to a mortgage, such as the one there involved, that a mortgagee, in order to secure a personal claim against the mortgagor for any part of the mortgage debt which may remain unsatisfied after the sale of the mortgaged chattels, must foreclose his mortgage in equity, and that, by selling in any other way than in pursu-

ance of the decree of a court, the mortgagee waived all claim for any deficiency. This was said in reference to the mortgage then under consideration, in which there was no power of sale.

A chattel mortgage is at law a conditional sale, which vests the legal title, and, *prima facie,* the right of possession, to the the things mortgaged in the mortgagee. *Brodhead* v. *McKay,* 46 Ind. 595; *Johnson* v. *Simpson,* 77 Ind. 412; *Roberts* v. *Norris,* 67 Ind. 386; *Cline* v. *Libby,* 46 Wis. 123.

While it has been often broadly asserted that the title of the mortgagee becomes absolute after breach of the conditions contained in the mortgage, it is nevertheless true, that, until the right or equity of redemption of the mortgagor has been foreclosed by some appropriate proceeding, the latter, having tendered performance of the conditions of the mortgage, may apply to a court of equity for permission to redeem; or if the property has been converted or disposed of in an irregular way, without his consent, the mortgagee may be compelled to account for its value, less the amount of his debt and interest. *Hackleman* v. *Goodman,* 75 Ind. 202; *Patchin* v. *Pierce,* 12 Wend. 61; *Denny* v. *Faulkner,* 22 Kan. 89; Herman Chat. Mort. 461, 462.

The right of the mortgagor to discharge the mortgaged property from the claim of the mortgagee, after condition broken, is abundantly settled. Unless the right to redeem has been waived, the mortgagor may assert his right at any time after forfeiture, and before the mortgage has been foreclosed, by paying or tendering the debt and interest, and redeeming the title. This right is called his equity of redemption, which may be barred or foreclosed in either of two ways, at the election of the mortgagee. It may be foreclosed by a decree in chancery, or by taking possession of the mortgaged property and selling it at public auction, in pursuance of legal notice to the mortgagor.

Whether a mortgage contains a power of sale or not, the mortgagor's equity of redemption may be foreclosed by a

bill in chancery, or, if possession has been taken, the equity of redemption may be as completely foreclosed by a sale, upon due notice, as by the decree of a court. *Freeman* v. *Freeman*, 17 N. J. Eq. 44; *Flanders* v. *Chamberlain*, 24 Mich. 305; *Wilson* v. *Brannan*, 27 Cal. 258; *Bryant* v. *Carson, etc., Co.*, 3 Nev. 313; Jones Chat. Mort., section 707; Herman Chat. Mort. 461.

Where the foreclosure is effected by the aid of a court of equity, the ultimate rights of the parties can be adjusted in the decree, which may provide, on the one hand, that if, upon a sale, the property falls short of satisfying the debt, the mortgagee may proceed for the residue; and on the other, that if there should be a surplus, it may be awarded to the mortgagor. *Bradley* v. *Chester, etc., R. R. Co.*, 36 Pa. St. 141; *Bryan* v. *Robert*, 1 Strobh. Eq. 334; Jones Chat. Mort., section 711.

If a mortgagee, relying on the bare legal title which the mortgage transfers to him, takes possession of the property, and, without any foreclosure at all, asserts an irredeemable title to it, as against the mortgagor, there are authorities which hold that he thereby waives any claim to recover any deficiency which might otherwise arise. *Porter* v. *Parmly*, 43 How. Pr. 445; Jones Chat. Mort., section 711.

Again, it is said that the mortgagee, if he desires to recover a deficiency, must sell the property, either under foreclosure proceedings, or by virtue of a power in the mortgage, or possibly at private sale, for a fair price, and that if he take possession and assert title without selling in one or the other of the ways above mentioned, he thereby satisfies the debt, provided the property taken be of sufficient value. *Olcott* v. *Tioga R. R. Co.*, 40 Barb. 179; *In re Haake*, 2 Sawyer, 231.

"The mortgagee," says a standard author, "after taking possession, must sell the property by virtue of his title, or under foreclosure proceedings, within a reasonable time, or he will be deemed to have taken the property to the extent

of its value at that time in satisfaction of his debt." Jones Chat. Mort., section 773.

In the absence of a statute regulating sales of mortgaged personalty, the rights of the parties in respect to any deficiency which may remain after the property has been taken possession of and appropriated, or irregularly sold, by the mortgagee, are open to investigation, and may become the subjects of controversy, unless the sale has been made in pursuance of a power which prescribes the manner of sale, and directs the application of the proceeds upon the mortgage debt.

When a mortgage contains a stipulation authorizing the mortgagee to sell and apply the proceeds to the mortgage debt, the effect of the contract is, that the sale to the highest bidder shall fix and establish the value of the property for the purpose of being applied to the debt, and that if a deficiency remains the mortgagor will pay it. *Olcott* v. *Tioga R. R. Co., supra; Charter* v. *Stevens,* 3 Denio, 33.

In order to avoid many embarrassing questions that may arise, and in the absence of a power in the mortgage which clearly defines the rights of the parties, it may well be, as was said in *Freeman* v. *Freeman, supra,* that "a sale under judicial sanction is safer, and, where the amount is large, advisable."

We need not determine in the present case what the rights of parties are, in the respects mentioned, under chattel mortgages in which no express provision for selling the property and applying the proceeds is made, nor need we inquire particularly as to the distinction between mortgages which contain powers of sale, and those which do not.

Whatever the rule may be in respect to the right of the mortgagee to collect the deficiency in case of a foreclosure by sale, in the absence of a power contained in the mortgage, it can not be doubted that the parties may, by contract, provide for the manner of foreclosing the mortgagor's equity, and for the application of the proceeds of the sale; nor can it be

doubted that, if a mortgagee makes a fair sale of the property,. in pursuance of a power, and the sale does not produce a sum sufficient to pay the debt, an action lies for the balance. *Case* v. *Boughton,* 11 Wend. 107; *Morgan* v. *Plumb,* 9 Wend. 288..

If for any reason a sale so made should turn out to be invalid, or if the mortgagee took possession of and claimed title to the property in pursuance of a sale collusively or improperly made to himself, the mortgagor could elect to treat the sale as valid, and hold the mortgagee to account for the excess produced over the mortgage debt, or he could disregard the sale and proceed for the value of the property over and above the debt and interest. *Davenport* v. *McChesney,* 86 N.. Y. 242.

The effect of a foreclosure and sale of mortgaged personalty, under a power, is not necessarily an extinguishment of the debt, even though the sale be irregular and voidable, unless the value of the property sold was sufficient for that purpose, and unless the mortgagor elects seasonably to avoid the sale.

In the present case, the mortgage contains an express stipulation authorizing the mortgagee, upon condition broken, to advertise and sell the property at public auction and to apply the proceeds to the liquidation of the mortgage debt, and to render any surplus to the mortgagor. Necessarily, the correlative implication must arise from the entire contract, that if the sale failed to produce a sum sufficient to pay the debt the mortgagor would make good the deficiency.

It appears from the answer that the mortgagee advertised and sold, in pursuance of the power contained in the mortgage. The sale is in nowise impeached, except that it is said the mortgagee became the purchaser at a merely nominal price, and that he asserts the right to retain the property in pursuance of the title conferred by the sale.

It is averred in the complaint that the failure of the mortgagor to pay the notes upon which the mortgagee became bound as surety, resulted in a loss of one thousand dollars

to the latter. There is no averment in the answer as to the value of the property sold, and afterwards claimed by the mortgagee. There is no presumption that its value was equal to the loss sustained by the plaintiff.

A mortgagee of personal property does not hold the legal title to the mortgaged property in trust for the mortgagor. He holds it in his own right, and is in no sense a trustee, except as to the surplus which may remain after paying the mortgage debt.

The sale is for the purpose of extinguishing the mortgagor's equity, and where the sale is fairly made, at public auction, in pursuance of a power, the mortgagor's equity of redemption is effectually cut off, even though the mortgagee be the purchaser. A mortgagee of personal property is not within the rule which prohibits a trustee from purchasing at his own sale, provided he acts fairly. *Emmons* v. *Hawn,* 75 Ind. 356 ; *Olcott* v. *Tioga R. R. Co.,* 27 N. Y. 546 ; *Maxwell* v. *Newton,* 65 Wis. 261 ; *Richards* v. *Holmes,* 18 How. U. S. 143 ; *Edmiston* v. *Brucker,* 40 Hun, 256.

The most that could be held in case the mortgagee became a purchaser at his own sale, made under a power, would be to cast upon him the burden of showing that the sale was fairly and openly made, in strict compliance with the power, and that the price paid was not so clearly and grossly disproportioned to the value of the property as to raise a presumption of fraud or bad faith.

If it appeared that the price paid was grossly inadequate, or that the property was sacrificed, the sale ought to be set aside, at the election of the mortgagor ; and if it were shown that the mortgagee had converted the property, after a merely colorable sale, or refused to acknowledge the mortgagor's right to redeem, he should be held to account for its fair value at the time of its appropriation.

If we were to assume, in the present case, that, upon the facts stated in the answer, the sale of the mortgaged chattels might be set aside, it would not follow that the mortgagee

should be denied the right to resort to any other securities. That could only follow in case the property converted, if it was converted, was of sufficient value to pay the debt. It does not appear from anything stated in the answer that, if the mortgaged property had sold for the uttermost farthing of its value, the sale would have produced a sum equal to the debt. The answer was, therefore, clearly insufficient.

It is only necessary to add that, within the principles ruled in *Robinson* v. *Glass*, 94 Ind. 211, the court committed no error in overruling the demurrer to the answer of Mrs. Fox, which is brought in question here.

The judgment is reversed, with costs.

