No. 786.

## HUNTER v. CRONKHITE.

CONVERSION.—*Right of Action in Mortgagee Against Mortgagor for Conversion of Mortgaged Property.*—*Sufficiency of Complaint.*—*Mortgage Improper Exhibit.*—The mortgagee of a chattel mortgage sued the mortgagor to recover the value of the mortgaged property alleged to have been converted by him to his own use. The complaint does not directly allege that the plaintiff (mortgagee) is the owner of the property alleged to have been converted, or that he is entitled to its possession, but his rights thereto are alleged to be under the chattel mortgage executed to him by defendant, a copy of which is made an exhibit to the complaint.

*Held,* that the mortgage is not a proper exhibit, it not being the basis of the action, and can not be looked to in determining the sufficiency of the complaint; and as there are no allegations in the complaint showing that the right of possession of the mortgaged chattels remained in the mortgagor, it must be presumed that the mortgagee was entitled to their possession, notwithstanding the mortgage provides that the mortgagor should retain possession of the mortgaged property.

SAME.—*Failure of Proof on Part of Plaintiff.*—*Proprietary Right.*—*Recovery.*—*Mortgage.*—In such case, where the evidence wholly fails to show that the plaintiff (mortgagee) either owned or was entitled to the possession of the property alleged to have been converted, no proprietary right being shown in the plaintiff, there could be no conversion by the defendant, the mortgagor.

From the Warren Circuit Court.

*E. F. McCabe,* for appellant.

Ross, J.—The appellee sued the appellant to recover the value of personal property alleged to have been converted by the appellant to his own use. There was a finding and judgment for the appellee, in the court below, in the sum of $60.

The first error assigned in this court is that the court erred in overruling appellant's demurrer to the complaint.

A complaint, to state a cause of action for conversion, must contain such a statement of facts as will show the

plaintiff to be entitled to recover from the defendant, for an injury or loss sustained to him by reason of the conversion complained of.

"Conversion consists, as a tort, either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's." 4 Am. and Eng. Encyc. of Law, 108.

To maintain an action for conversion, the plaintiff must be either the owner or entitled to the possession of the property alleged to have been converted. *Day* v. *Watts*, 92 Ind. 442.

In the complaint under consideration, it is not directly alleged that the appellee is the owner of the property alleged to have been converted, or entitled to its possession. His rights thereto are alleged to be under a chattel mortgage executed by the appellant, a copy of which mortgage is filed as an exhibit to the complaint. The chattel mortgage is not the basis of the action, hence it is not a proper exhibit, and can not be looked to for the purpose of supplying any fact omitted from the complaint, which is necessary to have been alleged. *Ross* v. *Menefee*, 125 Ind. 432.

Does the execution of a mortgage upon personal property vest the title to such property in the mortgagee?

It has been held that a chattel mortgage is, at law, a conditional sale, which vests the legal title, and, *prima facie*, the right of possession to the things mortgaged in the mortgagee. *Case* v. *Winship*, 4 Blackf. 425; *Roberts* v. *Norris*, 67 Ind. 386; *Johnson* v. *Simpson*, 77 Ind. 412; *Lee* v. *Fox*, 113 Ind. 98; *Walling* v. *Lewis, Admr.*, 119 Ind. 496; *Ross* v. *Menefee, supra*.

While it is true that the sale is a conditional one, dependent upon conditions, yet the title is not perfected in the mortgagee until the conditions of the mortgage are broken. In view of the rights of the parties in the property, it can not well be said that the title vests in the mortgagee, for his interest therein is simply a lien. This view of the interest of the parties and the title to the property is sustained by many authorities wherein it has been held that although the conditions contained in the mortgage have been broken, and under its terms the absolute title to the property vests in the mortgagee, yet, until the right or equity of redemption has been foreclosed, the mortgagor may, upon application to a court of equity, redeem therefrom and recover the property, or, if the property has been converted, the mortgagee may be compelled to account for its value, less the amount of his debt and interest. *Hackleman* v. *Goodman*, 75 Ind. 202; *Lee* v. *Fox, supra.*

Under the statute, section 734, R. S. 1894, the mortgagor is recognized as having an interest in the mortgaged property, which is subject to levy and sale. The purchaser, however, buys the same subject to the lien of the mortgage, and can not take possession of the chattels, if the mortgage debt is due, until he complies with the mortgage and satisfies the debt. *State, ex rel.,* v. *Milligan*, 106 Ind. 109.

This statute places chattel mortgages virtually upon the same footing as mortgages upon real estate, in this that it recognizes that the mortgagor retains the legal title or equity of redemption, and the mortgagee as having but a lien, which can ripen into a title only by a foreclosure of the mortgagor's right or equity of redemption. *Blakemore* v. *Taber's Exr.*, 22 Ind. 466; *Lee* v. *Fox, supra.*

The common law right to possession of the chattels mortgaged is in the mortgagee, not because the title

thereto has vested in him absolutely, but for the preservation of the security, and in order that upon a breach of the conditions of the mortgage the mortgagee may sell the equity of redemption of the mortgagor. The right to the possession of the mortgaged property may remain in the mortgagor if the mortgage so provides. Under the allegations of this complaint there is nothing to indicate that the right of possession of the chattels remained in the mortgagor, hence we must presume that the appellee was entitled to their possession.

Counsel for appellant insists that the mortgage filed with the complaint provides that the mortgagor should retain possession of the mortgaged property, hence the complaint is defective, in that it contains no allegation that made his continued possession thereof wrongful. As heretofore stated, the mortgage is not the basis of the action and is not a proper exhibit to the complaint, and for that reason can not be looked to in determining the sufficiency of the complaint.

So far as any objection has been pointed out, we think the complaint sufficient.

It is next urged that the court erred in overruling the appellant's motion for a new trial. We think this objection well taken. The evidence wholly fails to show that the appellee either owned or was entitled to the possession of the property alleged to have been converted. The chattel mortgage was not given in evidence, and there was no evidence of its contents or of a breach of its conditions. Without evidence showing a proprietary right in appellee to the property there could be no conversion by the appellant.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed Mar. 27, 1894.