### SAPIRIE *v.* COLLINS ET AL.

[No. 9,803. Filed April 4, 1919. Rehearing denied June 18, 1919.]

1. PLEADING.—*Answer.*—*Argumentative Denial.*—In an action for conversion, an answer setting up a judgment awarding defendant possession of the property involved in an action brought by him against plaintiffs amounted to an argumentative denial, the substance of it being that there was no conversion. p. 530.

2. CHATTEL MORTGAGES.—*Nature.*—*Title and Possession.*—A chattel mortgage is at law a conditional sale which vests the legal title, and, *prima facie,* the right of possession to the thing mortgaged, in the mortgagee. p. 532.

3. CHATTEL MORTGAGES.—*Foreclosure.*—*Conversion by Mortgagee.* —Where, on foreclosure of a chattel mortgage, the mortgagee obtained a judgment awarding him possession of the property, and sold the same after giving the mortgagors ten days' notice as provided in the mortgage, the mortgagors, having no title to the property involved, nor the right to the possession of the same, cannot maintain an action for its conversion against the mortgagee, in the absence of proof by the mortgagors showing payment or other extinguishment of the mortgage, or anything more than the mere right to redeem. p. 536.

4. TENDER.—*Sufficiency.*—*Written Offer to Pay.*—Where chattel mortgagors wrote to mortgagee demanding a return of the mortgaged property, and in the letter stated, "With this demand we offer to pay" the amount of the debt, with interest, such offer cannot be construed as a tender. p. 537.

From Marion Superior Court (102,491) ; *James A. Bryant,* Special Judge.

Action by Samuel, Collins and another against Moses Sapirie. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*C. E. Fenstermacher,* for appellant.

*Joseph K. Brown, John Browder* and *Frank T. Hawley,* for appellees.

McMahan, J.—Complaint by appellees against the appellant for the conversion of certain personal property. The complaint alleged that the appellees were the owners of two horses, two mules, a wagon, and a set of harness, which had been in the possession of the appellees until some time in January, 1916, at which time the appellant took possession of said property under the terms of a chattel mortgage which appellees made in December, 1915; that after appellant took possession of said property he wrongfully and unlawfully converted it to his own use; that said mortgage was given to secure the payment of one note of $278, due January 12, 1916; that a demand was made on appellant for the return of said property, and that the same was not complied with. The appellant filed an answer setting up a judgment awarding him possession of the property in an action brought by him against the appellees, on account of the default of appellees. This amounted to an argumentative denial of the conversion alleged in the complaint, the substance of it being that there was no conversion. *Swope* v. *Paul* (1891), 4 Ind. App. 463, 31 N. E. 42. Cause was tried by the court and a judgment rendered against appellant in the sum of $624.20. Appellant's motion for a new trial, for the reasons

that the decision of the court is not sustained by suffi-
cient evidence and is contrary to law, was overruled.

The only error assigned and not waived is that the
court erred in overruling the motion for a new trial.

The appellant's contention is that there is no evi-
dence of a conversion.

The facts are that on December 13, 1915, the appel-
lees mortgaged to appellant the property mentioned
in the complaint to secure the payment of two notes,
one for $278 due in thirty days, and one for $150 due
in six months. According to the terms of the mort-
gage, appellees were to retain possession of said prop-
erty until the debt became due, or until default in
some one of the conditions contained in the mortgage,
when the appellant was authorized and empowered to
take possession of the mortgaged property, and to sell
the same at public auction upon first giving ten days'
notice in writing to appellees. The first of said notes
was not paid when due, and appellant commenced an
action in the Marion Superior Court against the ap-
pellees for the possession of the property. On Febru-
ary 5, 1916, appellant obtained a judgment awarding
him the possession of the mortgaged property.

Appellant gave appellees ten days' notice in writing
that the property would be sold February 19, 1916.
The sale was postponed until February 26, 1916, and
all of said property was sold at public auction on
said last-named day. It was knocked off to Nelson
Wells for $396, which was less than one-half of its
value. It is not clear whether Mr. Wells, in bidding
on the property, was acting for himself or as the
agent of the appellant. All of said property was sold
together, although there were parties present who
wanted to buy the team of mules, and who so informed

the auctioneer and appellant's agents who were in charge of the sale, and requested that the mules be offered for sale by themselves. This request was refused after one Mr. Snyder offered to bid $200 for the mules.

Within three or four days after said sale, appellees wrote a letter to appellant, making a demand for the return of said property. The appellees never made a tender to appellant of any amount in payment of the mortgaged debt or any part thereof. Said letter written to appellant contained the statement:

> "With this demand we offer to pay the two hundred and seventy-eight ($278) note, with interest at the rate of six (6%) per cent., which was due January 13th, 1916."

The evidence also disclosed that after appellant took possession of said property he used the mules by working them on the streets, and received pay for such work.

The only question for our consideration is whether, under such a state of facts, appellees can maintain an action for conversion.

A chattel mortgage is at law a conditional sale, which vests the legal title and, *prima facie*, the right of possession to the thing mortgaged, in the mortgagee. *Lee* v. *Fox* (1888), 113 Ind. 98, 14 N. E. 889; *Broadhead* v. *McKay* (1874), 46 Ind. 595; *Johnson* v. *Simpson* (1881), 77 Ind. 412; *Roberts* v. *Norris* (1879), 67 Ind. 386.

The Supreme Court, in *Lee* v. *Fox, supra,* in discussing the rights of a mortgagor after default, said: "While it has been often broadly asserted that the title of the mortgagee becomes absolute after breach

of the conditions contained in the mortgage, it is nevertheless true, that, until the right or equity of redemption of the mortgagor has been foreclosed by some appropriate proceeding, the latter, having tendered performance of the conditions of the mortgage, may apply to a court of equity for permission to redeem; or if the property has been converted or disposed of in an irregular way, without his consent, the mortgagee may be compelled to account for its value, less the amount of his debt and interest. *Hackleman* v. *Goodman*, 75 Ind. 202; *Patchin* v. *Pierce*, 12 Wend. 61; *Denny* v. *Faulkner*, 22 Kan. 89; Herman, Chat. Mort. 461, 462. The right of the mortgagor to discharge the mortgaged property from the claim of the mortgagee, after condition broken, is abundantly settled. Unless the right to redeem has been waived, the mortgagor may assert his right at any time after forfeiture, and before the mortgage has been foreclosed, by paying or tendering the debt and interest, and redeeming the title. This right is called his equity of redemption, which may be barred or foreclosed in either of two ways, at the election of the mortgagee. It may be foreclosed by a decree in chancery, or by taking possession of the mortgaged property and selling it at public auction, in pursuance of legal notice to the mortgagor."

On page 104, the court said: "If for any reason a sale so made should turn out to be invalid, or if the mortgagee took possession of and claimed title to the property in pursuance of a sale collusively or improperly made to himself, the mortgagor could elect to treat the sale as valid, and hold the mortgagee to account for the excess produced over the mortgage debt, or he could disregard the sale and proceed. for

the value of the property over and above the debt and interest.''

On page 105 of the same opinion, the court said: ''A mortgagee of personal property does not hold the legal title to the mortgaged property in trust for the mortgagor. He holds it in his own right, and is in no sense a trustee, except as to the surplus which may remain after paying the mortgage debt.''

The Supreme Court, in *Picquet* v. *M'Kay* (1831), 2 Blackf. 465, laid down the rule that, in order to sustain an action for conversion, it is essential that the plaintiff prove title to the property and the right to possession, and a conversion by defendant.

It is the settled law of this state that '' 'The mortgagee of personalty, the mortgage being silent as to possession, is immediately upon the execution of the mortgage entitled to the possession of the mortgaged property.' * * * It is equally well settled, that, if the mortgage contain an express or implied stipulation, that the mortgagor retain possession, he has the right to do so, until default is made in the condition of the mortgage.'' *Johnson* v. *Simpson, supra.*

In *Carson* v. *Hanawalt* (1912), 50 Ind. App. 409, 90 N. E. 448, which was an action for conversion, the court said: ''The essence of conversion is the wrongful deprivation of personal property to the owner. In actions of this character the rule in this State requires the claimant to have a right of property, either general or special, and possession, or the right of immediate possession at the time of the conversion. *Redman* v. *Gould* (1845), 7 Blackf. 361; *Swope* v. *Paul, supra.*''

In *Shellhouse* v. *Field* (1912), 49 Ind. App. 659, 97 N. E. 940, the court said: ''In an action of this char-

acter, the complaint must allege that the plaintiff had, at the time of the alleged conversion, either a general or special ownership of the property converted. * * * In an action to recover the value of personal property converted, the title thereto is always in issue.''

The Supreme Court, in *Waters* v. *Delagrange* (1915), 183 Ind. 497, 109 N. E. 758, said: ''In an action of this character the complaint must show by direct allegation or by necessary inference from facts well pleaded that, at the time of the alleged conversion, the plaintiff had either a general or special ownership of the property converted.''

In *Day* v. *Watts* (1884), 92 Ind. 442, the court, in sustaining a demurrer to the complaint, said: ''This proceeding constitutes what was formerly known as an action of trespass *de bonis asporatitis,* and all the essential rules governing that form of action are applicable to this, the difference being in the form of procedure only. In all actions of the class to which this belongs it is necessary to aver, as well as to prove, ownership in the property wrongfully taken to entitle the plaintiff to recover. *Taylor* v. *Wells,* 2 Saund. 74 and notes; *Pinkney* v. *Inhabitants of East Hundred,* 2 Saund. 374, and notes. To sustain the averment of ownership it must be shown that the plaintiff was the absolute owner of the property, or that he had such an interest in it as constituted the taking an injury to him.''

In *Easter* v. *Fleming* (1881), 78 Ind. 116, the jury had been instructed that the plaintiff could not recover unless he showed a right to the possession of the personal property at the time the action was commenced. The court, in holding this instruction good, said:

"The complaint is for the conversion of personal property, and it is an elementary doctrine that, in such cases, the plaintiff must show a right of possession in himself at the time he began his action." Citing *Picquet* v. *M'Kay, supra.*

The Supreme Court of Wisconsin, in *Hill* v. *Merriman* (1888), 72 Wis. 483, 40 N. W. 399, stated the rule as follows: "The mortgagee being   *   *   *   entitled to the possession   *   *   *   as against the mortgagor, the latter cannot, without proof of payment or other extinguishment of the mortgage, maintain an action of tort in the nature of trover for a conversion of the property.   *   *   *   This is on the theory that such mortgage vests the legal title and right to the possession   *   *   *   in the mortgagee, leaving the mortgagor with a mere equitable title; that is to say, a mere right in equity to redeem from the mortgage. It follows that such mortgagor must show something more than such mere right in equity to redeem, before he can maintain an action at law for the wrongful conversion against such mortgagee having such legal title and right to the possession." See, also, *First Nat. Bank, etc.* v. *Wilbur* (1891), 16 Colo. 316, 26 Pac. 777; *Heyland* v. *Badger* (1868), 35 Cal. 404; *Landon* v. *Emmons* (1867), 97 Mass. 37; *Holmes* v. *Bell* (1849), 57 Mass. (3 Cush.) 322; *Brown* v. *Bement* (1811), 8 Johns. (N. Y.) 96.

Under the authorities cited, it is clear that the appellees did not have title to the property alleged to have been converted, nor did they have possession, nor the immediate right to the possession of the same, and hence were not in a position to maintain an action for conversion.

The offer which appellees made in their letter to

pay the $278 note cannot be construed as a tender. The appellant was therefore rightfully in possession of the property. The appellees might, upon making proper tender of the amount due, maintain an action in equity to redeem, or for an accounting.

The decision of the court is contrary to law, and it was error to overrule the motion for a new trial.

Judgment reversed, with directions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.