BLUMBERG ET AL. *v.* COLEMAN.

[No. 10,669.   Filed January 28, 1921.   Rehearing denied April 1, 1921.]

CHATTEL MORTGAGES.—*Conversion by Mortgagee.—Right of Action by Mortgagor.*—Where a chattel mortgage provided that the mortgagor should retain possession of the mortgaged property until the note became due, and, if the note was not paid at maturity, mortgagee should have the right of possession, the note not being paid, mortgagee secured possession through a writ of replevin and afterwards advertised and sold the property, mortgagor, not having paid or tendered the amount due, did not have title, possession, or the immediate right of possession to the property and could not, therefore, maintain an action against the mortgagee for conversion.

From Marion Superior Court (A2,763) ; *Theophilus J. Moll,* Judge.

Action by Ed. Coleman against Max Blumberg and others.   From a judgment for plaintiff, the defendants appeal.   *Reversed.*

*Albert G. Otto,* for appellants.

*Frank Williams* and *W. E. Henderson,* for appellee.

McMAHAN, J.—Appellee mortgaged a team of horses, wagon and harness to appellants, Blumberg and Teel to secure the payment of a note for $138. The mortgage contained a condition that appellee should retain possession of the mortgaged property until the note became due, and if the note was not paid when due appellants should have the right of possession. The note not being paid when due, appellants secured the possession of the mortgaged property through a writ of replevin, and afterwards advertised and sold it. The mortgage provided for foreclosure by sale at public auction after written notice for ten days by posting in three public places in the vicinity of the sale.

Appellee after such sale, without paying or tendering the amount due on the note secured by the mortgage, commenced this action against appellants for the conversion of the mortgaged property. From judgment in favor of appellee, appellants have appealed and contend that the verdict is contrary to law.

Appellee when he began this action did not have title, possession, or the immediate right of possession to the property alleged to have been converted and was not in position to maintain an action for its conversion. *Sapirie* v. *Collins* (1919), 70 Ind. App. 529, 122 N. E. 679. The verdict is contrary to law.

Judgment is therefore reversed, with direction to sustain appellants' motion for a new trial.