CLARK *v.* THE STUDEBAKER CORP. OF AMERICA ET AL.

(Decided June 10, 1929.)

*Mr. Arthur P. Gustafson* and *Mr. Louis Fernberg,* for plaintiff in error.

*Messrs. Henderson, Quail, McGraw & Morgan,* for defendants in error.

WILLIAMS, J.   Frances Clark, plaintiff in error here, brought her action in the court of common

pleas, as plaintiff, against the Studebaker Corporation of America, defendant in error in this proceeding, seeking to recover for the alleged conversion of an automobile sold by the defendant in error at a price below its fair and reasonable value, to satisfy the lien of a chattel mortgage. The petition and supplemental petition pray for a money judgment against the defendant, and also for equitable relief. Upon trial of the cause in the court below, the trial judge directed a verdict for the defendant at the conclusion of plaintiff's evidence. The action of the court in this respect is assigned as error.

The evidence discloses that plaintiff bought from the defendant on April 13, 1927, a Studebaker roadster for the sum of $1,285, plus financing charges of $79, making a total of $1,364. Plaintiff turned in a Ford coupe for which $300 was allowed on the purchase price, and paid $100 in cash, leaving a balance due of $964. This balance was paid by executing twelve notes, aggregating $964.75, the payment of which was secured by a chattel mortgage upon the Studebaker car. The defendant company sold and transferred the notes and mortgage to the Industrial Acceptance Corporation, a company that had its offices in the same building with the defendant, and was controlled and managed by practically the same persons as the defendant. In September, 1927, plaintiff took the Studebaker car to the defendant for minor adjustments and little repairs. At this time four notes had been paid, leaving a balance of $623.12 unpaid on the purchase price. The repairs were made on the car and the charges therefor were approximately $29. When the plaintiff went to get her car a few days later she was informed by an

agent of the defendant that she would have to make payment, as the payment of September 13 was due. Before she could raise the needed amount of money another note became due on October 13, and on that date she took $200 to the agent of the defendant who made the request. Thereupon he demanded payment of all the notes. She thereupon succeeded, after a short time, in raising $600, and when she went to make the payment to the defendant she was informed that the car had been sold.

The evidence shows that one R. N. Fisher was in the sales department of the defendant, and had charge of collections for the defendant and for the Industrial Acceptance Corporation affiliated with it. It appears that Fisher notified the cashier of the Studebaker Company not to release the automobile after it had been brought in for repairs, and that he advised the defendant that the balance should be secured upon the automobile; that thereafter the car was turned back by the Acceptance Corporation to the defendant, and thereafter the defendant sold the car at private sale to Fisher for $450. Evidence was offered by the plaintiff tending to show that the plaintiff never had any previous notice of the prospective sale, and that the Studebaker car was worth from $1,000 to $1,100 at the time of the private sale to Fisher.

The chattel mortgage provides that upon default the mortgagee may take possession of the mortgaged car and sell it at public or private sale without notice, and that the mortgagee may become the purchaser at such sale. The mortgaged property could therefore be properly sold at private sale without notice if such sale was fair and reasonable. *Armstrong* v. *McAlpin, Hinman & Co.*, 18 Ohio St., 184.

As there was evidence in the instant case tending to show that the agent of the mortgagee caused the mortgaged car to be repossessed and sold by the defendant, under the circumstances narrated above, and became the purchaser thereof at a price grossly inadequate and below the amount due on the outstanding notes secured by the chattel mortgage, and that the car was reasonably worth in the market far more than the outstanding indebtedness, the inference arises from such evidence that the private sale was not made fairly and openly and in good faith. A *prima facie* case was therefore made for the plaintiff. 5 Ruling Case Law, 469, 470, Section 103; Jones on Chattel Mortgages (5th Ed.), Sections 791, 792; *Kellogg* v. *Malick*, 125 Wis., 239, 103 N. W., 1116, 4 Ann. Cas., 893, 898; *Lee* v. *Fox*, 113 Ind., 98, 14 N. E., 889.

The court erred in sustaining the motion to direct a verdict and the judgment will therefore be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

LLOYD and RICHARDS, JJ., concur.

### ON APPLICATION FOR REHEARING.

WILLIAMS, J. The application for a rehearing contains a statement to the effect that the opinion misstates the facts in that it says that one Fisher was the purchaser of the automobile in question, and that Fisher at the time was agent of both of the defendants.

Even though there is no evidence in the record tending to prove either that Fisher bought the car,

or was the agent of both of the defendants at the time of its sale, yet these facts are not vital. The mortgage by its terms gave the mortgagee the right to take possession of the mortgaged car and sell it at private sale without notice, and also provided that the mortgagee could become the purchaser at such sale. It follows that if the mortgagee or an agent of the mortgagee, or any one else, bought it at such sale, the sale would be valid and the purchaser would get a good title. It does not follow, however, that the mortgagor would have no remedy against the mortgagee. The sale being valid cannot be set aside, and obviously an action for an accounting could bring no results in the instant case.

The plaintiff below sought her remedy by way of damages. There is evidence in the record tending to show that the property was sold by the Studebaker Corporation, which had taken back the notes and mortgage from the Industrial Acceptance Corporation, for much less than half of its market value at the time of the sale, and for about a third of the price for which it had been sold six months before, and that the Studebaker Corporation at the time of the sale knew that the plaintiff had paid about one-half the purchase price, and had funds with which to pay all notes that had matured according to their terms, and was endeavoring to raise the money to meet the whole indebtedness.

If the facts in this case are not sufficient to warrant the submission of the cause to the jury, then in every case in which a mortgage provides for repossession of mortgaged property, and sale of the same at private sale without notice to the mortgagor, the mortgagor is wholly at the mercy of the mortgagee.

We are still of the opinion that the court erred in directing a verdict, and that the question whether the sale was made fairly, openly, and in good faith should have been submitted to the jury. Application for rehearing denied.

LLOYD and RICHARDS, JJ., concur.

Judges of the Sixth Appellate District sitting by designation in the Eighth Appellate District.