.Filed Jan. 4, 1884.

No. 10,797.

## Day et al. *v.* Watts.

TRESPASS DE BONIS ASPORTATIS.—*Complaint.*—*Ownership.*—A complaint averred that on, etc., at, etc., the defendants with force wrongfully " took from the plaintiff, and carried away and converted to their own use," certain goods, etc.

*Held,* that the complaint was bad on motion in arrest of judgment for failure to show that the plaintiff had any property in the goods.

From the Wabash Circuit Court.

*M. Good, O. H. Bogue* and *A. Sayler,* for appellants.

*M. H. Kidd* and *N. G. Hunter,* for appellee.

NIBLACK, J.—Action by John R. Watts against David M. Day, Elisha Bolin, William Baker and Lewis Russell for taking and carrying away certain personal property and converting it to their own use at the county of Wabash in this State. Other persons were also made defendants, but the action as to them was afterwards dismissed. Issue, trial by jury, verdict for the plaintiff, motion in arrest overruled, and judgment against the defendants upon the verdict.

It is argued that the complaint was materially defective in not averring that the property, for the taking of which damages were demanded, belonged to the plaintiff, and that, in consequence, the court erred in overruling the motion in arrest of judgment.

The complaint was as follows: "The plaintiff complains of the defendants, and says that on the 1st day of November, 1881, at said county, the defendants, with force and arms, wrongfully and forcibly took from the plaintiff, and carried

away and converted to their own use, one platform wagon of the value of one hundred and fifty dollars, one covered buggy of the value of one hundred dollars, and one whip of the value of two dollars."

This proceeding constitutes what was formerly known as an action of trespass *de bonis asportatis,* and all the essential rules governing that form of action are applicable to this, the difference being in the form of procedure only.

In all actions of the class to which this belongs it is necessary to aver, as well as to prove, ownership in the property wrongfully taken to entitle the plaintiff to recover. *Taylor* v. *Wells,* 2 Saund. 74 and notes; *Pinkney* v. *Inhabitants of East Hundred,* 2 Saund. 374 and notes.

To sustain the averment of ownership it must be shown that the plaintiff was the absolute owner of the property, or that he had such an interest in it as constituted the taking an injury to him. 2 Greenl. Ev., sections 613, 614, *et seq.;* 6 Wait's Actions and Defenses, p. 98; 1 Chitty Pl. 189; 2 Chitty Pl. 614.

However wrongful the taking of the property in this case may have been in a moral point of view, or considered abstractly, the plaintiff had no right to maintain this action, unless he had at least some special or qualified interest in the property which was either impaired or destroyed by the wrongful act of the defendants.

It is an old and familiar rule that all the facts necessary to sustain an action must be averred in the complaint. The allegation that the property described in the complaint was wrongfully and forcibly taken from the plaintiff can not be justly construed as amounting to an averment that the property belonged to him. There was, consequently, a total absence of any such an averment in the complaint, which rendered it insufficient in a material respect. The circuit court therefore erred in overruling the motion in arrest of judgment.

The judgment is reversed with costs, and the cause remanded for further proceedings.

Filed Jan. 5, 1884.