in connection with the other allegations of the complaint and the provisions of the policy, this allegation seems broad enough and proper in form to permit plaintiff to show, if that burden rests upon him, that no change has been made by the defendant's directors in the rate of assessment which authorized the one attempted to be made.

It is further suggested by defendant's counsel that there may be something in the application of plaintiff for insurance or the by-laws of the defendant which bears upon plaintiff's right to recover. That may be true, but the complaint and the policy of insurance upon its face allege and make out a complete contract between plaintiff and defendant. There are no references made to any by-laws or application as containing provisions necessary to·complete the contract. Under such circumstances, if there is anything in that application or those by-laws which will tend to defeat plaintiff's right to recover, it must be set up as a matter of defense. There is nothing in the complaint or the policy of insurance to indicate that such defense exists. These views lead to a judgment overruling defendant's demurrer, with the usual leave to amend.

Demurrer overruled, with leave to amend.

---

(33 App. Div. 247.)

YARDUM et al. v. WOLF.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

1. CONVERSION—ELECTION TO SUE EX CONTRACTU.
  A complaint alleged that plaintiffs were dealers in rugs, and had delivered a certain amount of them to defendant, to sell what he could, and return to plaintiffs, on the sale of them all, a certain sum, each rug having a valuation, and the sum of the valuations being the sum aforesaid; that defendant was to receive, for his services in selling, whatever he should receive over such sums, and, in case he should not sell any of the rugs, to return them to plaintiffs; that none of the rugs have been returned, and defendant has refused to inform plaintiffs how many he has sold, and to return any of the rugs, or the proceeds thereof, and has converted to his own use all the rugs which he has not sold, and all the money for which the rugs have been sold by him; that plaintiffs have demanded the return of the rugs, or such of them as he has not sold, and the proceeds of any which he has sold; but that defendant has refused so to do. *Held* to state an action ex delicto for conversion, and not an action for breach of contract, notwithstanding the demand for judgment was for the specific valuations fixed by the agreement.

2. SAME—PLEADING—RIGHT OF POSSESSION.
  A complaint for conversion, alleging that certain rugs were delivered by plaintiffs to defendant as a factor, to be sold, and that defendant refuses to account,—i. e. to state how many rugs have been sold by him,—which, by virtue of their agreement, gives plaintiffs the immediate right to demand a return of the goods on hand, and of the proceeds of any that have been sold, sufficiently alleges a right of possession to sustain the action.

Appeal from special term, New York county.

Action by Armen Yardum and others against Morris Wolf. From an order denying defendant's motion to vacate an order of arrest granted in the action, defendant appeals. Affirmed.

The following is the opinion of the court below:

"DALY, J.   The defendant is arrested for conversion, and moves to vacate the order for alleged insufficiency of the complaint, as indicated in the brief of counsel.  It is contended (1) that the complaint shows that the plaintiffs elect to sue upon contract for goods consigned, or their proceeds, and not for conversion; and (2) that the complaint fails to state that the plaintiffs have any property in the goods, or any right to immediate possession.   The complaint sets forth that the plaintiffs are dealers in rugs, and that two lots of rugs were delivered by them to the defendant (on March 10 and June 2, 1898, respectively), as a factor, on consignment, upon an agreement that the defendant should receive the rugs on consignment, as factor, should sell such as he should be able to sell, and return to plaintiffs on the sale of all the first lot $1,759.29, and on the sale of the second lot $2,084.05, each rug having a valuation, and the sum of the valuations of the respective lots being the respective sums aforesaid; the defendant to receive, for his services in selling, whatever he should receive over those sums, and, in case he should not sell any of said rugs, to return them to plaintiffs.   The complaint further sets forth that none of the rugs has been returned, and that, as to the first lot, defendant has refused to inform plaintiffs how many he has sold; that he has paid $300 on account of their value, and has refused on demand to return any of them, or the proceeds thereof, and has converted to his own use all the rugs which he has not sold, and all the money for which the rugs have been sold by him as factor, except the said sum of $300; and, as to the second lot, that he has not returned any of said rugs, nor the money for which he has sold any of the same, but has converted to his own use the rugs or the money; that plaintiffs have demanded of defendant that he should return the rugs, or such of them as he had not sold, and the proceeds of any which he has sold, if any, but that defendant has refused so to do.  As to the first lot, it is alleged that, by reason of such conversion, the plaintiffs are entitled to have of the defendant the said sum of $1,759.29, less the payment of $300, and an allowance of $75 on previous transactions, making the amount $1,384.29.  As to the second lot, it is alleged that the defendant, by reason of the premises, is indebted to the plaintiffs in the sum of $2,084.05; and the plaintiffs demand judgment for the said sums, with interest on each.

"There is no ground for the contention that the plaintiffs have waived the tort, and elected to sue on contract.   McDonough v. Dillingham, 43 Hun, 493, is cited by defendant's counsel.  In that case the complaint set up a cause of action on contract, with allegations of fraud in contracting the debt; and it was held that the action was upon contract, the allegations of fraud being added under section 549 of the Code.   The decision has no bearing upon this case.  The causes of action here are characterized by the allegations of conversion, and those allegations evince the plaintiffs' election to sue for the tort.   There is no ambiguity or uncertainty on this point in the complaint, and so the demand for judgment for the specific valuations fixed by agreement upon the goods, in-

stead of a demand for damages and general allegations of damage, has no significance. Nor is the objection that the complaint does not allege ownership nor right of possession of plaintiffs well taken. It is true that ownership or right of possession must be pleaded and proved to sustain an action for conversion; but, so far as the pleading is concerned, it is sufficient if facts are set forth which show property or right of possession in the plaintiffs. Bare possession of property or mere prior possession is sufficient to sustain trover. Duncan v. Spear, 11 Wend. 54, and note. An allegation of possession imports lawful possession, and an allegation 'that the property, after being in the possession of the plaintiff, came into the possession of the defendant, who, although often requested so to do, has not delivered the same to the plaintiff, but wrongfully detains the said goods from him,' is sufficient, if true, to establish conversion. Sheldon v. Hoy, 11 How. Prac. 11, 16. The facts pleaded in this complaint show that the rugs, after being in possession of plaintiffs, came into possession of defendant, for they were delivered to defendant by plaintiffs to be sold. This prior possession of plaintiffs is to be presumed lawful. Wrongful detention is shown by defendant's refusal to deliver on demand of his principals, which he was bound to do, no right to detain them against the demand of the principals being shown. On the contrary, the refusal of the agent to account—that is, to state how many rugs had been sold—gave immediate right to demand the return of the goods on hand, and the proceeds of any that had been sold. Refusal to comply with that demand was wrongful, and a cause of action for conversion was sufficiently set forth by pleading those facts. Motion to vacate order of arrest denied, with $10 costs."

Argued before BARRETT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Edward A. Alexander, for appellant.
E. G. Benedict, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of DALY, J.

---

PEOPLE ex rel. BICINELLI v. DUNN.

(Supreme Court, Special Term, New York County. July, 1898.)

1. HABEAS CORPUS—WHAT QUESTIONS CONSIDERED.
In habeas corpus by one arrested on body execution, it cannot be considered whether the summons in the action wherein execution issued was duly served.

2. JUDGMENT — DEFECTIVE PROCESS—HOW ATTACKED.
Service of summons appearing prima facie to have been duly made, a judgment must be attacked for defects in service by motion in the court out of which it issued.

3. EXECUTION — GREATER NEW YORK CHARTER — TERRITORIAL EXTENT OF MARSHAL'S AUTHORITY.
Under Greater New York Charter, §§ 1358–1363, establishing municipal court districts in the several boroughs of the city, and apportioning the boroughs into districts, and section 1368, providing that "the municipal court in any district shall have power to send its process * * * in an