## McCreery v. Nordyke.

[No. 2,848. Filed May 19, 1899. Rehearing denied Jan. 9, 1900.]

PLEADING.—*Complaint Questioned for First Time on Appeal.*—When a complaint, questioned for the first time in the assignment of errors, is sufficient to bar another action for the same cause, it will be held good. p. 631.

CONVERSION.—*Complaint.*—A complaint for conversion alleging that defendant, as agent and employe of the plaintiff, received from the latter certain goods, wares, and merchandise to be sold for defendant, and that plaintiff converted a part of such goods to his own use,

McCreery *v.* Nordyke.

sufficiently avers ownership by the plaintiff in the property converted, as against an objection raised for the first time in the assignment of errors. *pp. 631-635.*

From the Marion Superior Court. *Affirmed.*

*L. B. Ewbank* and *B. F. Watson,* for appellant.
*W. V. Rooker,* for appellee.

COMSTOCK, J.—Suit for conversion. Verdict and judgment in the court below in favor of appellee for $237.70.

Appellant assigns as error the action of the court in overruling (1) his motion for a new trial; (2) his motion to set aside the judgment. The third specification of error is that the complaint does not state facts sufficient to constitute a cause of action. It is argued that the complaint is defective for the reason that it does not contain an averment of ownership by appellee of the property alleged to have been converted. The sufficiency of the complaint is challenged for the first time in this appeal. If either paragraph is sufficient, the claim must fail. The third paragraph alleges that at certain dates named, appellant, as the agent and employe of the appellee, received of and from him goods, wares, and merchandise in the sum of $2,200.11 to be sold by defendant for plaintiff and accounted for to plaintiff at the sum and price of $1,804.11; that defendant sold and accounted to plaintiff for said merchandise in the sum of $1,539.16; that a bill of particulars of said goods is filed with the complaint as an exhibit; that the rest of said merchandise, and the proceeds accruing from the sale thereof of the value of $300, the defendant converted to his own use, and embezzled, etc.

When a complaint is sufficient to bar another action for the same cause, and it is questioned for the first time in the assignment of errors, it will be held good. Waiving the question whether the complaint is insufficient as between bailor and bailee upon demurrer, we are clearly of the opinion that it is sufficient to bar another action for the same cause, and must, therefore, under the rule, hold it to be sufficient. The complaint shows a right of action in appellee

sufficient to put appellant upon answer. This also disposes of the second specification of error, viz., that the court erred in overruling appellant's motion to set aside the judgment on complaint urged upon the ground that there was no sufficient complaint upon which to go to trial. Under the first and remaining specification of error, the overruling of the motion for a new trial, appellant discusses the action of the court in giving instructions one, five, and nine. No attempt is made to make the evidence a part of the record. There is no bill of exceptions, and while there appears at the close of each of said instructions the words "given and excepted to," signed by the judge of the trial court and dated, it does not appear by whom the exception was taken. This assignment, so far as discussed by appellant, presents no question for the determination of this court. Judgment affirmed.

## ON PETITION FOR REHEARING.

COMSTOCK, J.—Appellant asks for a rehearing in this cause upon the grounds, (1) that the court erred in holding the third paragraph of the complaint sufficient to withstand an attack made for the first time upon appeal; (2) in holding that a complaint in an action for conversion which is sufficient to bar another by the same plaintiff for the same cause will be held good if it is questioned for the first time by an assignment of errors. In support of the petition, counsel for appellant have industriously collected and cited many cases. The following are cited from our own courts to show that ownership of the plaintiff is an essential material averment in a complaint for conversion. *Day* v. *Watts*, 92 Ind. 442; *Kehr* v. *Hall*, 117 Ind. 405; *Ryan* v. *Hurley*, 119 Ind. 115; *Kidder* v. *Biddle*, 13 Ind. App. 653; *Noblett* v. *Dillinger*, 23 Ind. 505.

In *Day* v. *Watts*, *supra*, the complaint alleged that the defendants with force and arms wrongfully and forcibly took from the plaintiff, and carried away and converted to

McCreery *v.* Nordyke.

their own use, certain property.  A motion in arrest of judgment was overruled by the circuit court.  In reversing the judgment, the Supreme Court said: "However wrongful the taking of the property in this case may have been in a moral point of view, or considered abstractly, the plaintiff had no right to maintain this action, unless he had at least some special or qualified interest in the property which was either impaired or destroyed by the wrongful act of the defendants.  *   *   *   The allegation that the property described in the complaint was wrongfully and forcibly taken from the plaintiff cannot be justly construed as amounting to an averment that the property belonged to him."

The complaint avers no fact showing an interest in the property except that it was taken from his possession.

In *Kehr* v. *Hall*, 117 Ind. 405, the court said: "The second paragraph of the complaint is, in our opinion, bad. It is alleged that the appellee was directed by the Elkhart Circuit Court to take possession of the property in the chattel mortgage described, and that he demanded possession thereof of the appellants, and they refused to surrender the possession, but converted the property to their own use wrongfully.  It is not alleged that the appellee ever had possession of the property, but the inference to be drawn from what is alleged is that he never had the possession thereof.  From all that appears in this paragraph of the complaint, it does not appear that the appellee was entitled to the possession of the property."

In *Ryan* v. *Hurley*, 119 Ind. 115, the second paragraph of the complaint was held bad because it was not averred that the horse alleged to have been converted was of any value, or that the plaintiff sustained any damage by reason of such conversion.

In *Kidder* v. *Biddle*, 13 Ind. App. 653, the third paragraph of the complaint was for conversion.  The court said: "It is insisted that the demurrer should have been sustained

to the third paragraph, for the reason that it does not aver that appellees had a general or special property in the money therein referred to, or that they were entitled to the possession thereof at the time of the alleged conversion. As to the objections mentioned, the first and third paragraphs of the complaint are sufficient. It clearly appears in the first paragraph, that appellees furnished its acceptance to the corporation for the express purpose of paying the note, and in the third paragraph it is expressly averred that appellees furnished the appellant the money for that purpose." The court held that an action either for conversion or for money had and received may be brought against one to whom the money is sent with directions to pay a particular debt due from the sender to a third party, when he in disregard of such directions converts the money to the use of some one else.

*Noblett* v. *Dillinger*, 23 Ind. 505, was a suit for conversion of a promissory note. The second paragraph of complaint avers that the note was the property of the husband of the plaintiff, who died, leaving property worth less than $200; that the plaintiff had filed her petition in the court of common pleas alleging that fact; that appraisers had been appointed, who had returned an inventory and appraisement of such property, including the note, amounting to $289; and that the proceedings upon her petition were yet pending; that the note was obtained by the defendant wrongfully. Held that the order of the common pleas court ordering the delivery of the property to her was necessary to give her title thereto, and that the suit was prematurely brought.

We do not deem it necessary to refer in detail to the numerous other cases cited in appellant's brief. They are to the effect that a plaintiff must aver in such an action ownership of the property, or, as was said in *Day* v. *Watts*, 92 Ind. 442, "Some special or qualified interest in the property, which was either impaired or destroyed by the wrong-

ful act of the defendant." The complaint shows the exist-
ence of the relation of principal and agent between appellee
and appellant; the receipt from the possession of appellee of
the property in question by appellant, to be sold by appel-
lant for the appellee and accounted for to him at a certain
sum; that he sold and accounted for a portion of it; and that
"the rest of the merchandise and the proceeds arising from
the sale thereof" he converted to his own use and embezzled,
to the damage of plaintiff, etc.

The cases cited by the appellant do not show a fiduciary
relation between the parties. The transactions were between
strangers. The one was as much entitled to the possession
of the property in controversy as the other. In the cause
before us, the parties determined by their agreement their
respective attitudes with respect to the property toward one
another. Appellant accepted the position of agent of his
principal, the appellee. He recognized his principal as the
owner of the property with reference to which he contracted,
or at least as entitled to its possession and control. This
right, as agent, he could not question. Under the law, a
principal suing his agent for conversion need make no
demand for the return of the property before bringing suit,
the law recognizing his right where such relations exist to
the property. The complaint shows a violation of his trust.

The case of *Yardman* v. *Wolf*, 54 N. Y. Supp. 192, is in
many of its features similar to the case at bar. It is stated
(quoting the syllabus, which is borne out by the text): "A
complaint for conversion, alleging that certain rugs were
delivered by plaintiffs to defendant as a factor, to be sold,
and that defendant refuses to account,—i. e. to state how
many rugs have been sold by him,—which, by virtue of
their agreement, gives plaintiffs the immediate right to
demand a return of the goods on hand, and of the proceeds
of any that have been sold, sufficiently alleges a right of
possession to sustain the action." In the opinion the court

said: "Nor is the objection that the complaint does not allege ownership nor right of possession of plaintiffs well taken. It is true that ownership or right of possession must be pleaded and proved to sustain an action for conversion, but so far as the pleading is concerned, it is sufficient if facts are set forth which show property or right of possession in the plaintiffs." See, also, *Rauh* v. *Stevens*, 21 Ind. App. 650, and the authorities there cited.

In the following cases our courts have held that where a complaint is questioned for the first time upon appeal, it will be held good, if it is sufficient to bar another action for the same cause. *Burkhart* v. *Gladish*, 123 Ind. 337; *Citizens St. R. Co.* v. *Willoeby*, 134 Ind. 563; *DuSouchet* v. *Dutcher*, 113 Ind. 249; *Chapell* v. *Shuee*, 117 Ind. 481; *Colchen* v. *Ninde*, 120 Ind. 88; *Beal* v. *State, ex rel.*, 77 Ind. 231; *Field* v. *Burton*, 71 Ind. 380; *Donellan* v. *Hardy*, 57 Ind. 393; *Harper* v. *Pound*, 10 Ind. 32; *Bertha* v. *Sparks*, 19 Ind. App. 431.

In *Burkhardt* v. *Gladish, supra,* the court said: "The sufficiency of the complaint is questioned for the first time in this court, and when so questioned it is settled that if the complaint would be good after verdict, or is sufficient to bar another action for the same cause, it is sufficient to withstand such an attack."

In *Citizens St. R. Co.* v. *Willoeby*, 134 Ind. 563, the court said: "It is a well settled rule that where the sufficiency of a complaint is tested for the first time by the assignment of error in this court, it will be held sufficient, if it contain facts enough to bar another action for the same cause."

It may be that the Supreme Court and this Court, in the foregoing cases have too broadly stated the rule as to the sufficiency of a complaint when questioned for the first time upon appeal. As to this we give no opinion, but the complaint clearly shows such an interest in the property in question as between the principal and agent as to make it

McCreery v. Nordyke.

sufficient to bar another action between the parties for the same cause. Petition for a rehearing overruled. Black, J., and Henley, J., dissent.

## DISSENTING OPINION.

HENLEY, J.—The complaint in this case, omitting the formal parts, is in the following words: "Addison H. Nordyke, plaintiff, for a cause of action against Charles N. McCreery, defendant, says that, heretofore, on and between the 26th day of September, 1895, and the 11th day of March, 1896, the defendant, as agent and employe of the plaintiff, received of and from plaintiff goods, wares, and merchandise of the value of $2,200 to be sold by defendant for plaintiff and accounted for to plaintiff at the sum and price of $1,804.11; that the defendant sold and accounted to plaintiff for said merchandise in the sum and amount of $1,539.16; that a bill of particulars of said goods and credits marked Exhibit A is filed herewith; that the rest and residue of said merchandise, and the proceeds arising from the sale thereof, of the value of $300, the defendant unlawfully converted to his own use, and embezzled, to the damage of plaintiff in the sum of $500, whereby plaintiff demands judgment for $500 and all proper relief."

The complaint is attacked for the first time upon appeal, by the assignment of error that the complaint does not state facts sufficient to constitute a cause of action. It will be observed that the complaint is for conversion. It is the recognized law of this State that the complaint, to withstand a demurrer for want of sufficient facts in an action for conversion, must allege that the plaintiff is the owner of the property or entitled to its possession at the time it is converted. These are material averments which are absolutely necessary to be alleged and proved in order to maintain the action. *Day* v. *Watts*, 92 Ind. 442; *Ryan* v. *Hurley*, 119 Ind. 115; *Kidder* v. *Biddle*, 13 Ind. App. 653; *Easter* v.

*Fleming,* 78 Ind. 116. We think the rule is thoroughly established in this court that, where a complaint is attacked for the first time on appeal, the assignment will be available if it appears that a material averment has been omitted from the complaint. *Western Assurance Co.* v. *Koontz,* 17 Ind. App. 54; *Dickey* v. *Kalfsbeck,* 20 Ind. App. 290; *Bertha* v. *Sparks,* 19 Ind. App. 431; *Metropolitan Ins. Co.* v. *McCormick,* 19 Ind. App. 49; *Dotson* v. *Dotson,* 13 Ind. App. 436; *Harter* v. *Parsons,* 14 Ind. App. 331; *Town of Ladoga* v. *Linn,* 9 Ind. App. 15; *Mansur* v. *Streight,* 103 Ind. 358; *Cox* v. *Hunter,* 79 Ind. 590; Elliott's App. Proc. §472. It is also the law in this State that when the complaint is sufficient to bar another action for the same cause, and it is questioned for the first time upon appeal, it will be held good. These decisions are not conflicting. A complaint which wholly fails to aver some material fact would not be sufficient to bar another action for the same cause. On account of the failure of the complaint in this cause to allege either ownership or right of possession in the plaintiff in the goods alleged to have been converted, I think the complaint should be held bad, and the case reversed for that reason.