## CUMMINS v. CUMMINS.

[No. 4,392. Filed April 1, 1903.]

DIVORCE.—*Abandonment.*— *Complaint.*—A complaint for divorce on the ground of abandonment which alleges that plaintiff and defendant were married and lived together as husband and wife until a certain named date, when defendant wholly abandoned plaintiff, and that they have not lived together as husband and wife since, is sufficient, the complaint being filed more than two years after the alleged abandonment. *pp. 672, 673.*

SAME.—*Residence.*—*Proof.*—*Jurisdiction.*—In a divorce proceeding, proof of the residence of plaintiff by at least two witnesses who

are resident householders and freeholders, as required by §1043 Burns 1901, is a prerequisite to the jurisdiction of the court. *p. 673.*

APPEAL AND ERROR.—*New Trial.—Record.—Order-book Entry.*—Where a motion for a new trial was filed the next day after the rendition of a judgment, an order-book entry immediately following the motion "that the court being fully advised in the premises, overrules the motion hereinbefore made by the defendant herein, to which ruling the defendant objects and excepts" sufficiently identifies the motion for a new trial, there being no other motion pending. *p. 673.*

From Hancock Circuit Court; *E. W. Felt*, Judge.

Suit by William P. Cummins against Jeanette E. Cummins for divorce. From a judgment for plaintiff, defendant appeals. *Reversed.*

*E. P. Ferris, W. W. Spencer, E. W. Spencer, R. L. Mason* and *U. S. Jackson*, for appellant.

*L. P. Harlan, Ephraim Marsh* and *W. W. Cook*, for appellee.

COMSTOCK, J.—The cause was commenced in the Superior Court of Marion County, and upon change of venue was tried in the circuit court of Hancock county, which last named court granted appellee a divorce from appellant upon the ground of abandonment.

Appellant assigns and discusses as error: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) the overruling of appellant's motion for a new trial; (3) the court had no jurisdiction of the subject-matter.

The objection made to the complaint, to quote from appellant's brief, is that it "alleges abandonment, but names no time." The complaint avers that the plaintiff and defendant were married on or about the 1st day of September, 1897, and lived together as husband and wife until the 13th day of August, 1898, when defendant wholly abandoned plaintiff, without cause, and that they have not lived together as husband and wife since; that after said abandonment plaintiff frequently importuned defendant to live

with him, but she refused so to do. The complaint was filed March 26, 1901, more than two years after the alleged abandonment. It is assailed for the first time upon this appeal. It is sufficient to bar another action for the same cause. *McCreery* v. *Nordyke,* 23 Ind. App. 630, and cases cited.

The only reason for a new trial discussed is that the judgment of the court is not sustained by sufficient evidence. It is insisted that the residence of appellee was not shown, as required by the statute. Section 1043 Burns 1901, §1031 Horner 1901, requires that the residence of the plaintiff in an action for divorce must be proved by at least two witnesses, who are resident householders and freeholders of the State. Such proof is prerequisite to the jurisdiction of the court. *Driver* v. *Driver,* 153 Ind. 88. The evidence is in the record, and it appears that only one witness possessing the required qualifications testified as to appellee's residence. This was not sufficient.

Further reference to the remaining specification of error need not be made.

Appellee makes the point that the record does not show that the court overruled the motion for a new trial. The judgment was rendered November 13, 1901. The motion for a new trial was filed upon the next day of the same term. The order-book entry immediately following this entry is that "the court being fully advised in the premises, overrules the motion hereinbefore made by the defendant herein, to which ruling the defendant objects and excepts. Thereupon appellant prays an appeal." The motion for a new trial was the only one pending when it was filed, and no other motion was filed afterward. The ruling upon this motion is sufficiently identified and properly presents the question of the sufficiency of the evidence.

The judgment is reversed, with instruction to the trial court to sustain appellant's motion for a new trial.