JACOB SMITTLE, Appellant, v. HENRY HAAG ET AL., Appellees.

**Drainage:** VALIDITY OF STATUTE: ESTOPPEL. Where a landowner by his acts has elected to treat a statute under which a tile drain was constructed across his land as constitutional, and the proceedings thereunder as valid, and for a long series of years has received the benefits of the drain, he will not thereafter be heard to question the validity of the statute.

**Same:** CURATIVE ACTS. Chapters 67 and 68, Acts 30th General Assembly, by their express terms gave validity to all proceedings had in pursuance of the old statute for the construction of drains, except those relating to the assessment and levy of benefits; and power to reassess and relevy was thereby granted; so that a landowner can not, subsequent to the passage of the legalizing acts, object to defects in the old statute which are thereby cured.

**Drains:** OWNERSHIP: RIGHTS OF LANDOWNERS. A landowner acquired no title to the tile used in the construction of a drain, under the provisions of Code section 1952, when supplemented by a new drain under the Acts of the 30th General Assembly; especially where he paid nothing for the improvement. His remedy for interference with his beneficial interest therein is protected by the new statute and is exclusive as against the supervisor, in the absence of bad faith on their part, even though he may not have availed himself of that remedy.

**Same:** MEASURE OF DAMAGES. Even if the remedy afforded a landowner by the Acts of the 30th General Assembly, for the removal of an old drain in establishing a new one, were not exclusive, his measure of damages would not be the cost of restoring the tile, especially where he had not restored it.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

WEDNESDAY, DECEMBER 16, 1908.

THE defendants are members of the board of super-
visors of Greene County. Plaintiff has brought his action
for alleged damages for the value of certain tile, and
the cost of restoring the same to plaintiff's land. The
averment is that such tile was dug up and removed from
plaintiff's land, under the direction and supervision of
the defendants. There was a directed verdict for the de-
fendants, and judgment for costs, and the plaintiff appeals.
—*Affirmed.*

*W. W. Turner* and *Wilson & Albert,* for appellant.

*B. O. Clark* and *J. A. Henderson,* for appellees

EVANS, J.—The material facts involved in this case
are not seriously in dispute. The real contention between
the parties arises over the legal conclusions to be drawn
from these facts. The tile sued for by the plaintiff was
not his property originally, and was not such at the time
of the alleged removal of the same from his land, unless
it became such by operation of law. It appears that in
1884 a petition was presented to the board of supervisors
under the section of the drainage act which is now known
as section 1952 of the Code. Proceedings were had for
the establishment of a drainage district including the plain-
tiff's lands. In pursuance thereof a tile drain was laid and
completed in the year 1886. Plaintiff had notice of all
these proceedings, and always acquiesced therein. There
was some delay in the finishing of the work, and in Sep-
tember, 1885, the plaintiff served upon the board of super-
visors a formal notice in writing, requiring them to com-
plete the work. The principal work remaining to be done
at that time was the covering of the tile upon plaintiff's
land. In such notice plaintiff disclaimed any authority

to do the work himself, and, inferentially at least, disclaimed ownership in the tile then laid in the ground upon his land. His demand was duly complied with by the board, and the drain was fully completed.

It does not appear from the record before us what was the method adopted for paying the expense of such tile drain, except that it appears that a substantial part, at least, of such expense was paid by appropriation out of some fund by the supervisors. The tile drain in question continued in operation down to the year 1905. This is known in the record as the "Harvey Drain." In 1904 proceedings were instituted before the defendant board, under section 26, chapter 68, Acts 30th General Assembly, which is now known as section 1989-a25, Code Supp. 1907. In pursuance thereof, and in substantial accord with all the requirements of the statute, a new and larger drainage district was established including within itself the Harvey drain. A larger tile drain was laid along the same water course, and at a considerably greater depth than the Harvey drain. So far as the plaintiff's land was concerned, the new drain was laid for the most part along the side of the Harvey drain, at distances varying from one to several rods, except that it actually intersected such drain at one point. After the completion of that part of the new drain, the tile constituting the old drain was taken up, and used in the construction of the new drain at points higher up in its course.

The theory of the defendants is that section 26 of chapter 68 by its terms contemplated that the old improvement should be supplanted, and, so far as available, should be appropriated by the new improvement, and that express provision was made in such section for compensation to the parties entitled thereto. The theory urged by the plaintiff is that the tile drain upon his land does not come within the purview of such section 26, and was not an old improvement within the meaning thereof, because

the law under which such district was established and the drain laid was in fact unconstitutional. He contends, therefore, that all the official proceedings resulting in such drain lacked legal sanction, and were void as official acts, and that therefore the tile laid in his land became a part of his real estate, and the title thereto vested in him by operation of law. The plaintiff urges other contentions, but the foregoing proposition is vital to his case, and we therefore give it the first consideration.

I.   The plaintiff bases his claim of unconstitutionality upon the decisions of this court in *Beebe v. Magoun*, 122 Iowa, 94, and *Smith v. Peterson*, 123 Iowa, 672. It will

1. DRAINAGE: validity of statute: estoppel.

be noticed that section 1952 and the succeeding sections under which the Harvey drain was established were not involved in the cited cases. The court did hold that section 1946 of the Code, which contained all the provisions for the assessment of benefits and levy thereof, was unconstitutional, and that this was such a vital part of the plan that it rendered the whole act nugatory. Section 1946 has no application to the proceedings provided for by section 1952, although it is contained in the same chapter. Whether the same argument of unconstitutionality that was sustained in the cited cases could be successfully applied to section 1952, or whether the cited cases should be held to cover section 1952, are questions which we do not find it necessary to determine. The Harvey drain was established, laid and paid for. The validity of the proceedings do not appear ever to have been questioned. Whether benefits were ever assessed against the land, or whether drainage bonds were issued, does not appear. There were one hundred and forty signers to the petition. Whether the plaintiff was one of them does not appear. He did waive all claims for damages for the laying of the drain. It was confessedly beneficial to him. Its outlet was not upon his land. His interest, therefore, required that it

be deemed a public drain. In the written notice served by him upon the supervisors he treated it as such, and for twenty years he had accepted the benefits of it as such. Having clearly elected to his own benefit to treat the statute as constitutional, and the proceedings thereunder as valid, they will be deemed valid as to him, and the court will not inquire into the constitutionality of the statute. This point was ruled by this court in *Thompson v. Mitchell*, 133 Iowa, 527.

II. There is a further insuperable obstacle in the way of plaintiff's contention. The proceedings for the later ditch were instituted in 1904, under chapter 68, Laws 30th General Assembly. This chapter supplied the defects of the old statute (Code, section 1952), and rendered the same constitutional. This chapter and chapter 67 were curative and retroactive, and by their express terms gave validity to all proceedings had in pursuance of the old statute, except those relating to the assessment of benefits and the levy of the same upon lands. Power of reassessment and relevy was conferred. That this legislation was effective for this purpose was determined by this court in *Ross v. Supervisors*, 128 Iowa, 427. This legislation is applicable by its terms to the proceedings had in the establishment of the Harvey drain.

2. SAME: curative acts.

It follows from the foregoing that plaintiff had no title to the tile for which he claims in this case. It may be conceded that he had a beneficial interest in it, and that he could be damaged by interference with it; but such interest, whatever it was, was subject to the drainage jurisdiction of the board of supervisors. Their powers were exercised in accordance with the statute. The statute furnished to plaintiff a remedy for the consideration of his beneficial interest. The remedy was adequate, and, as against the members of the board of supervisors, in the absence of bad faith, it must be deemed exclusive. Plaintiff argues that

3. DRAINS: ownership: rights of landowners.

he did not obtain the benefit of this remedy. It does not appear from the record whether he did so or not. He urges that he would have proved such fact on rebuttal, but was precluded from doing so by the direction of the verdict at the close of defendant's evidence. The direction of the verdict was in response to a formal motion by defendants. Plaintiff offered no rebuttal testimony, nor indicated to the court in any way that he desired to do so. It is sufficient, for the purposes of this case, that plaintiff could have availed himself of that remedy. It is immaterial whether he did in fact do so or not. Indeed we infer from this record as a whole that the plaintiff never paid anything for such improvement. Its cost does not appear to have been large in the first instance. As before stated, the only evidence of payment for the improvement indicated in this record was in the form of an appropriation by the supervisors of $200 in the year 1885, and $225 to one Allen in 1886, and an appropriation of $300 by the town of Grand Junction. In that state of the record the rules of law herein applicable work no hardship upon the plaintiff.

III. Even if we should hold that the remedy provided in section 1989-a25, Code Supp. 1907, were not exclusive, and that the plaintiff might bring his independent action for damages to be measured by his beneficial interest in such tile drain, it is manifest that he could not recover, as his measure of damages, the cost of restoring the tile. This is especially so where it is made to appear that he has not restored the tile. If the defendants were answerable to the plaintiff in damages, they were answerable also to all others who had a beneficial interest in such tile drain, and would be subject to separate suits by each one of them. If the cost of restoration is to be the measure of damages in one case, it must also be the measure of damages in

4. SAME: measure of damages.

every other.   All might thus recover the cost of restoration, and yet none restore.

Many other questions are discussed by counsel, but what we have already said is necessarily decisive of the case.

The judgment of the court below will be *affirmed*.