## SHELLHOUSE v. FIELD.

[No. 7,550. Filed March 15, 1912.]

1. TROVER AND CONVERSION.—*Complaint.—Requisites.—Allegation of Ownership.*—In an action for conversion the complaint must allege that the plaintiff had either a general or special ownership of the property converted at the time of the alleged conversion. p. 660.

2. TROVER AND CONVERSION.—*Complaint.—Allegation of Bailment. —Ownership of Property.*—Where it appears from the averments of the complaint that the defendant at the time of the alleged conversion, held the property under a contract of bailment entered into between him and the plaintiff, an allegation as to the ownership by the plaintiff at the time of the bailment is unnecessary. p. 660.

3. BAILMENT.—*Title of Bailor.—Estoppel against Bailee.*—A bailee is estopped to deny the bailor's title or ownership of the property bailed at the time of the bailment but is not estopped when sued for conversion, from showing that the title held by the bailor at the time of the bailment has been acquired by himself, or has passed to another. p. 661.

4. TROVER AND CONVERSION.—*Title to Property.*—In an action to recover the value of personal property converted, the title thereto is always in issue. p. 662.

5. TROVER AND CONVERSION.—*Complaint.—Sufficiency.*—That a complaint shows that at the time of alleged conversion defendant held the property under a contract of bailment with plaintiff does not obviate the necessity of alleging ownership of the property by plaintiff at the time of the conversion. p. 662.

6. PLEADING.—*Aider by Inference.*—A material fact will not be inferred in aid of a pleading unless such fact is a necessary inference from the other facts pleaded and the only inference that can be drawn therefrom. p. 663.

From Marion Circuit Court; *Charles Remster,* Judge.

Suit by Charles E. Field against Frank Shellhouse. From a judgment for plaintiff, defendant appeals. *Reversed*.

*A. N. Grant* and *Elias D. Salsbury,* for appellant.

*Taylor & Woods* and *H. R. Kurrie,* for appellee.

LAIRY, J.—Appellee sued as plaintiff in the trial court to recover the value of certain household goods alleged to have been converted by defendant while they were in his possession as a warehouseman. Plaintiff received a judgment, and defendant appealed. The trial court overruled a demurrer to the complaint, and this is the first error on which appellant relies for reversal.

The complaint avers that on August 7, 1905, plaintiff was the owner of the goods which are alleged to have been converted by defendant to his own use several months later, but does not allege that he was the owner of said goods, or that he was entitled to their possession at the time of their conversion. Appellant points out this defect in the complaint, and insists that it is insufficient for the want of this averment.

In an action of this character, the complaint must allege that the plaintiff had, at the time of the alleged conversion,

1.  either a general or special ownership of the property converted. *Day* v. *Watts* (1884), 92 Ind. 442; *Ryan* v. *Hurley* (1889), 119 Ind. 115; *Kidder* v. *Biddle* (1895), 13 Ind. App. 653; *Easter* v. *Fleming* (1881), 78 Ind. 116.

Appellee insists that an allegation that he was the owner of the property at the time of the alleged conversion is unnecessary to the sufficiency of the complaint in this case, for the reason that it appears from the averments of the complaint that defendant, at the time of the alleged conversion, held the property under a contract of bailment entered into between him and the plaintiff. In support of

2.  this contention, he cites a number of authorities, which hold that a bailee is estopped to deny the title

or ownership of his bailor in property which is the subject of the bailment. This proposition is sound, and is well supported by authority. *Simpson* v. *Wrenn* (1869), 50 Ill. 222, 99 Am. Dec. 511; *Thompson* v. *Williams* (1883), 30 Kan. 114, 1 Pac. 47; *Osgood* v. *Nichols* (1855), 5 Gray (Mass.) 420; *The Idaho* (1876), 93 U. S. 575, 23 L. Ed. 978; *Pulliam* v. *Burlingame* (1883), 81 Mo. 111, 51 Am. Rep. 229; *McCreery* v. *Nordyke* (1900), 23 Ind. App. 630.

When an action is brought by a bailor against a bailee to recover the possession of the property which is the subject of the bailment, or its value, after conversion by the bailee, such bailee, on account of the relation which 3. he sustains to the bailor, is held to be estopped from denying that his bailor was the owner, or entitled to the possession of the property at the time the bailment occurred, or from proving, in defense of the action, an outstanding, adverse or inconsistent title or right of possession held by himself or by any other person. The relation existing between bailor and bailee is similar to that existing between landlord and tenant, and the estoppel is effective in the former relation to the same extent as it is in the latter. But it has been held that a tenant is not estopped from setting up facts showing that the title held by his landlord at the time of the demise has been acquired by himself or has passed to another. Such a title, so asserted, is not hostile to nor inconsistent with the title of the landlord, which he acknowledged by accepting the demise. He is estopped from denying only what he has once admitted. Taylor, Landlord and Tenant, §§629, 705; *Kinney* v. *Doe* (1847), 8 Blackf. 350; *Nellis* v. *Lathrop* (1839), 22 Wend. 121, 34 Am. Dec. 285; *Higgins* v. *Turner* (1875), 61 Mo. 249; *Langford* v. *Selmes* (1857), 3 Kay & J. 220; *Ryerss* v. *Farwell* (1850), 9 Barb. 615.

In an action to recover the value of personal property converted, the title thereto is always in issue. The fact

that the property was converted by defendant would not cause any damage to plaintiff, unless at the time of such conversion, plaintiff had some property or possessory interest therein. There is a distinction between averments which show that plaintiff has an actual interest in property, and averments which show that defendant is estopped from denying such interest. A defendant may be estopped to deny plaintiff's title to or interest in property, and yet such plaintiff may have in reality no such title or interest therein as could support an action for its value.

The averments of the complaint in this case, showing the relation of bailor and bailee between the plaintiff and the defendant, simply show that such a relation existed between them as would estop defendant from denying the title or interest of plaintiff in the property bailed at the time of the bailment, or from setting up any title or adverse interest held either by himself or another, but it does not take the place of an averment that plaintiff had, in fact, such a title or interest therein as entitles him to compensation for its loss. *Bertram* v. *Cook* (1880), 44 Mich. 396, 6 N. W. 868.

In the case last cited, Cook brought a suit in ejectment to recover from Bertram the possession of a quarter section of land. From the evidence it appeared that Bertram held a tax deed for the land, that he was in possession thereof and had made valuable improvements thereon. He had these improvements appraised by the jury with a view to recovery therefor if he lost, and Cook had the value of the land exclusive of the improvements appraised by the jury for a like purpose. Cook introduced evidence showing that while he was in peaceable possession of said real estate by James M. Spear, his tenant, Bertram collusively obtained possession from his tenant, which possession he retained until suit was brought. Cook thereupon insisted that Ber-

tram was estopped from disputing his title, as was Spear, who had wrongfully let him in, and the trial court so held. In passing on the question the Supreme Court said: "For the purposes of a recovery of possession this ruling was correct. * * * It appears, however, that the circuit judge treated the estoppel as equivalent to an admission of title in fee; and he directed a verdict accordingly. This was plainly erroneous." The jury found that the value of the land without the improvements was $4,508, and thereupon Cook elected to abandon the land to the defendant, and the court ordered judgment in his favor for the value so fixed. Upon this question the court said: "Now when it is borne in mind that Cook had established no title, but had only by his parol evidence estopped Bertram from disputing his present right to possession, it is manifest that there was no basis for such a judgment."

A material fact will not be inferred in aid of a pleading, unless such fact is a necessary inference from the other facts pleaded, and the only inference that can be 6. drawn therefrom. *Bemis Indianapolis Bag Co.* v. *Krentler* (1907), 167 Ind. 653; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236. It is averred that plaintiff was the owner of the household goods described at the time they were stored with defendant, but it does not follow, as a necessary inference, from this averment that he was such owner at the time they were alleged to have been converted, several months later. Plaintiff may have sold the property, or may have been otherwise divested of his title between the time the goods were stored and the time of the conversion, in which event he would not be entitled to recover.

The case of *McCreery* v. *Nordyke, supra,* is relied on by appellee as holding that a complaint for conversion, which shows the relation of bailor and bailee, is sufficient without a direct averment of ownership or right of possession in the plaintiff. In that case the complaint was questioned for

the first time by assignment of error in this court, and it was held sufficient under the liberal rule applied to uphold pleadings when first attacked on appeal. The question in this case is presented by demurrer to the complaint, and for that reason the case relied on cannot be treated as authority. We think that this complaint is wanting in a material averment, and it cannot be held to state a cause of action. The rule announced in the case last cited should not, in our opinion, be further extended. The demurrer to the complaint should have been sustained.

Judgment reversed, with directions to sustain the demurrer to the complaint.