# CARSON *v.* HANAWALT.

[No. 7,678.   Filed May 16, 1912.]

1. CONVERSION.— *Complaint.— Allegations. — Sufficiency.—* A complaint for conversion directly alleging that plaintiff is the owner and was in possession of the chattels in question at the time of their conversion, is sufficient as to such allegations.   p. 412.

2. CONVERSION.—*Complaint.—Allegation as to Damage.—Sufficiency.—*In a complaint for conversion, an allegation that the property converted was of the value of $314.33, taken in connection with the allegations as to ownership, possession and conversion, was sufficient as an allegation showing damage in the amount of the value of the property.   p. 412.

3. CONVERSION.—*Drain Tile.—Ownership.—Complaint.—Allegation of Specific Facts.—*Where a complaint for the conversion of drain tile alleged facts showing that such tile were a portion of

a tile ditch constructed by the board of county commissioners for the drainage of plaintiff's land and other lands assessed to pay for its construction, that defendant, having a contract to construct a new drainage ditch along the line of the old one, entered on plaintiff's land and took therefrom the tile from the old ditch, against plaintiff's protest, and converted them to his own use, and that defendant had no title or interest in the tile whatever, such allegations showed plaintiff to have a positive interest in the property converted, and while it may have been special or qualified, it was such an interest as could be destroyed by the wrongful act of defendant, and sufficient to sustain an allegation of ownership.   p. 412.

4.   PLEADING.—*Complaint.*—*Demurrer.*—*Admissions.*—For the purposes of a demurrer, the allegations of the complaint must be taken as true.   p. 413.

5.   CONVERSION.—*Ownership of Property Converted.*—*Tenants in Common.*—*Right to Maintain Action.*—In a complaint for the conversion of drain tile, where it was shown that at the time of the conversion plaintiff was in possession of the tile and had an interest therein, it was of no consequence whether her interest was that of complete ownership, or that of a tenant in common with other land owners whose lands had been assessed for the payment of the ditch from which the tile had been taken, for in either event defendant's wrongful appropriation thereof to his own use entitled the plaintiff to maintain the action.   p. 413.

6.   CONVERSION.—*Ownership of Property.*—*Defense.*—The fact that property belonged to plaintiff and others cannot be used by a stranger as a defense in an action against him for conversion.   p. 413.

7.   CONVERSION.—*Actions.*—*Ownership.*—*Possession.*—The plaintiff in an action for conversion must have a right of property, either general or special, and possession, or the right of immediate possession at the time of conversion.   p. 414.

8.   CONVERSION.—*Action by Tenant in Common.*—*Damages.*—In an action for conversion, a plaintiff who is the owner as a tenant in common, is entitled to damages, as against a stranger, in the full value of the property converted, holding the surplus in excess of his interest as a trustee for the other owners.   p. 414.

From White Circuit Court; *James P. Wason,* Judge.

Action by Wilda M. Carson against Milton Joseph Hanawalt.   From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Truman F. Palmer* and *Benjamin F. Carr,* for appellant. *Spencer & Hamelle* and *Clarence Conger,* for appellee.

MYERS, J.—On November 22, 1909, appellant commenced this action against appellee, charging the latter with the conversion of certain drain tile.

A demurrer for want of facts was sustained to the complaint, and appellant refusing to plead further, judgment was rendered against her, and in favor of appellee. The sufficiency of the complaint to withstand the demurrer is the question presented.

From the complaint it appears, among other things, that appellant was for many years the owner and in possession of certain described real estate in White county, Indiana, and on which, for several years, there existed a tile ditch, regularly established and constructed by the board of commissioners of said county under the drainage law then in force, for the purpose of draining said land and other lands assessed to pay for its construction. In the year 1909, said board of commissioners, pursuant to the drainage law in force April 10, 1907, established and ordered constructed over appellant's said land, and along the line of the aforesaid tile ditch, a new ditch, for the construction of which the contract was awarded to appellee; that appellee, in the performance of said contract, entered on the land of appellant, excavated and removed the soil and tile along the line of the old ditch to the land of appellant bordering on the new ditch, where the tile remained for several days, as a part of such excavation; that while the tile so remained, appellant informed appellee that she was the owner of them, that they were in her possession, and forbid him removing them from her land, but appellee, disregarding appellant's warning, without any right or title thereto, removed said tile from her said land, and out of her possession, and wrongfully converted them to his own use; that the old tile were not taken into account by the drainage commissioners, nor mentioned in the plans and specifications for the new ditch, neither were they considered in the contract with appellee, nor used in the new construction; that appellant was the

owner of and entitled to the possession of said tile, which were of the value of $314.33 at the time of their conversion by appellee. Appellant's demand on appellee for a return of the tile, and possession of the same, was refused, and her title to, interest in and right of possession denied.

This action is for conversion—trover at common law—and as the complaint directly alleges that appellant is the owner and was in possession of the chattels in question at the time of their conversion by appellee, in this respect it states a cause of action. *Swope* v. *Paul* (1892), 4 Ind. App. 463, 31 N. E. 42; *Easter* v. *Fleming* (1881), 78 Ind. 116; *Day* v. *Watts* (1884), 92 Ind. 442.

The additional allegation showing that appellant was damaged by the alleged conversion is not as perfect as good pleading would seem to require, yet it does appear that the property converted was of the value of $314.33. This allegation, in connection with the allegations of ownership, possession and conversion, has been held sufficient as an allegation showing damage in the amount of the value of the property. *Ryan* v. *Hurley* (1889), 119 Ind. 115, 21 N. E. 463. Therefore the complaint in this case must be held sufficient, unless it can be said that the specific facts alleged overcome the general allegations to which we have referred. If the specific facts as to ownership are influential, and their full import be conceded, and they be construed most strongly against the pleader, still appellant is shown to have a positive interest, and while it may have been special or qualified, yet it was such an interest in the tile as could be destroyed by the wrongful act of appellee, and sufficient to sustain an allegation of ownership. *Day* v. *Watts, supra.*

In this case the tile in question were originally paid for out of the fund derived from assessments levied on the land of appellant, and other lands benefited by the improvement then made. The construction of the new ditch, under the facts disclosed, must be regarded as an abandonment of the

old one, and whatever may have been the character of the tile, whether real estate or personal property, while in the ground, it is certain that after they were taken out of the old ditch they were personal property. In this connection we may say, there are no facts which will serve to give appellee any title or interest in the tile whatever. His contract provided that he should construct a ditch located along the line of the one from which the tile in question were removed, according to certain plans and specifications, for a specified sum of money. Such are the allegations of the complaint, and for the purposes of the demurrer they must be taken as true. As to appellant, she had an interest in the tile, and whether that interest extended to complete ownership, or as a tenant in common with the other landowners whose lands had been assessed to pay for the same, is not important, for the reason that the tile, in or out of the ditch, were on her land, and in her possession as fully as the excavated soil left there from the new construction. If she were the owner of the tile as alleged, and such tile being in her possession, the wrongful appropriation and conversion by appellee to his own use of such tile would amount to actionable conversion, or if appellant were the owner of the tile as a tenant in common, her interest would be destroyed by the alleged tortious acts of appellee, and she would be entitled to maintain this action. The fact that the tile belonged to appellant and others could not be used by a stranger as a defense in an action against him for conversion. *Collins* v. *Ayers* (1877), 57 Ind. 239.

Our attention has been called to the case of *Louisville, etc., R. Co.* v. *Hart* (1889), 119 Ind. 273, 21 N. E. 753, 4 L. R. A. 549, as supporting the proposition that if the property converted was owned by tenants in common, an action by one of the tenants for conversion would not lie. That case is distinguishable from this case in that the gist of that action was negligence, while in this case negligence, active

or passive, is not an essential element, for the essence of conversion is the wrongful deprivation of personal property to the owner. In actions of this character the rule in this State requires the claimant to have a right of property, either general or special, and possession, or the right of immediate possession at the time of conversion. *Redman* v. *Gould* (1845), 7 Blackf. 361; *Swope* v. *Paul, supra.*

In this case appellant was in possession of the chattels, and having a general or special interest in them, her damages as against her coöwners would be the value of her interest only, but as against a stranger she will be entitled to their full value, holding the surplus in excess of her interest as a trustee for other owners. *Jellett* v. *St. Paul, etc., Ry. Co.* (1883), 30 Minn. 265, 15 N. W. 237.

The case of *Smittle* v. *Haag* (1908), 140 Iowa 492, 118 N. W. 869, on account of a code provision of that state (Acts of Iowa 1904 p. 68, §26), and its particular facts, is not an authority in this case.

Judgment reversed, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 448. See, also, under (1) 38 Cyc. 2068; (2) 38 Cyc. 2071; (3) 38 Cyc. 2048, 2068; (4) 31 Cyc. 333; (5) 38 Cyc. 2052; (6) 38 Cyc. 2062; (7) 38 Cyc. 2044; (8) 38 Cyc. 2089.